CASE 6—PETITION EQUITY—JUNE 6.

# Burrus, &c., vs. Roulhac's adm'x.

### APPEAL FROM FULTON CIRCUIT COURT.

1. An administratrix *de bonis non* may maintain an action in equity to coerce the payment of a note and enforce a lien by which it was secured, although the note was taken in his individual name by the former administrator of the same estate, in satisfaction of a debt due the estate.

2. Two notes due to different parties, secured by a lien reserved in the same conveyance of land—neither has the priority of the other unless it is so expressed in the deed; and if the land is subjected to the payment of both notes, they share equally *pro rata*. But if the land is subjected to pay one note, the holder of the other not being a party to the suit, the purchaser of the land is not an innocent purchaser without notice.

JOHN RODMAN,                                        For Appellants,
                        CITED—

1 *Chitty's Pleadings*, 23.

7 *J. J. M.*, 188; *Saffron's adm'r vs. Kennedy.*

1 *B. Mon.*, 61; *Williams vs. Collins.*

10 *B. Mon.*, 282; *Mais vs. Cross, &c.*

18 *B. Mon.*, 655; *Jones vs. Stockwell.*

T. N. & D. W. LINDSEY,                              For Appellee,
                        CITED—

*Rev. Stat.*, chap. 80, sec. 26.

6 *B. Mon.*, 183; *Honore's ex'or vs. Bakewell.*

14 *B. Mon.*, 277; *Tiernan vs. Thurman.*

3 *B. Mon.*, 452; *Breedwell vs. King.*

3 *Bibb*, 183; *Cox vs. Fenwick.*

8 *B. M.*, 468; *Ripperden vs. Cozine.*

4 *Littell,* 317 ; *Johnson vs. Gwathmey.*

5 *B. Mon.,* 562 ; *Hunt vs. Beard's heirs.*

3 *B. Mon.,* 247.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This is an equitable action brought by appellee, administratrix *de bonis non* of Frank Roulhac, deceased, against appellants and others, to coerce the payment of a debt of $3,151, which she claims her intestate held in his lifetime against Burrus & Co., by enforcing an alleged lien on two lots and a warehouse in the city of Hickman. Appellant Burrus claimed, as assignee of P. S. Jones, to have a lien on the same property for the payment of $3,000—each claiming a prior lien.

The court below adjudged a sale of the property, having first set aside a sale made under a judgment in favor of Burrus and his immediate assignee, Prather, to enforce their claim; and further adjudged, if the proceeds should prove insufficient to pay both debts, the amount should be divided *pro rata* between them. From this judgment Burrus and others appealed, and the administratrix prosecutes a cross-appeal. The following material facts are established by the pleadings and evidence:

One Thomas Allen, being the owner of the lots and house sought in this proceeding to be subjected to sale, sold the same in 1855 to said Burrus, P. S. Jones, and Winston, partners, trading under the firm name of Burrus & Co., for $8,000, payable in three equal annual installments, and conveyed the same to them, reserving a lien on the property for the payment of the price. The first two installments were paid, and the note for the last one was, by Allen, for a valuable consideration, assigned to appellee's intestate. After his death, administration of his estate was granted by the proper court

to Geo. C. Hallet. Previous to the 1st of February, 1859, P. S. Jones, one of the partners of Burrus & Co., seems to have, by some arrangement with the other partners, become the owner of said lots and house, and, as between themselves, bound to pay off and take up their note for the last installment, then in the hands of Roulhac's administrator. On the last named day Jones sold and conveyed the property to R. P. Marr, in consideration that Marr would pay the debt to Roulhac's administrator, then amounting to $3,151, including the interest, and $3,000 to Jones in cash notes. Marr executed his note to Hallet, administrator as aforesaid, for the amount agreed upon as being due him as above stated, then due, and the payment of that note Jones guarantied. And Marr also executed his note for $3,000 to Jones, then due, payable in cash notes. And in the deed executed by Jones to Marr for the property, he expressly sets forth the consideration, and how and to whom the same was to be paid.

In a few days after the execution of the note to him by Marr for $3,150, Hallet brought suit on it in the Fulton circuit court against Marr and Jones, and recovered judgment against both of them, upon which execution issued; and after it had been levied on property apparently sufficient to satisfy the same, Marr and the city of Hickman, by a suit for the purpose, enjoined the collection of said debt. The injunction was, after considerable delay, discharged; but the action seems still to be pending.

Prather, as assignee of Jones, brought an action in ordinary on the note executed by Marr to Jones for three thousand dollars, obtained a judgment thereon, and having assigned the benefit of the same to appellant Burrus, they united in an equitable action against Marr's per-

sonal representatives and heirs, he having in the mean-
time died, to subject the property to sale to pay said debt,
by virtue of the reserved lien in the deed from Jones to
Marr, and succeeded in recovering judgment for a sale of
the property, which was executed by a sale thereof by a
commissioner; that sale was confirmed by the court, and
a conveyance made to Burrus for the property, he being
the purchaser.   To this action the personal representa-
tive of Roulhac was not made a party.

It is insisted by appellant—1. That this action cannot
be maintained in the name of the administratrix of Roul-
hac; but that, by taking the note of Marr to himself for
the debt which was due to the intestate, Hallet thereby
made it his own personal property.   It may be true that
appellee, as administratrix *de bonis non* of Roulhac, could
not have maintained an action at law on said note in her
own name, yet it is evident that she is entitled to the
equitable control of said debt, and to the collection
thereof, as it does not appear that Hallet ever made it
his own by charging himself with the amount thereof, or
that, in a settlement of his account as administrator as
aforesaid, he was charged therewith; and, being equita-
bly entitled to the debt, she might rightfully prosecute
this suit in equity for the collection thereof.   This princi-
ple does not conflict with the doctrine recognized by this
court in *Saffron's administrator vs. Kennedy* (7 J. J. M.,
188), and *Williams et al. vs. Collins et al.* (1 B. M., 58),
but is in harmony with those authorities.

2. It is contended that, by accepting Jones as guarantor
of the note, Hallet waived his lien on the property.
There can be no question that a lien would have been
retained in the deed from Jones to Marr by stating the
amount of the consideration remaining unpaid as required
by *section* 26, *chapter* 80, 1 *volume Revised Statutes*, 230, if

nothing more had been done.   Can the guaranty of Jones on the note of Marr destroy the lien?   If the note had been executed directly to Jones, and Jones had assigned it to Hallet, the lien would have existed, and passed by the assignment to the assignee, and that is precisely the present attitude of appellants in this case; and if, by the assignment of Jones to them of the note for part of the consideration, they hold a lien on the lots for their debt, it is very difficult to perceive, on principle of equity or law, the taking of the guaranty of Jones would deprive appellee of a lien for her debt.   After due diligence by suit, if they fail to make their debt out of the estate of Marr, Jones' assignees would then have their remedy against Jones, their assignor.   The appellee, by the guaranty, had no greater security than this.   Besides, when the note was executed by Marr to Hallet, he held the note of Burrus, Winston, and Jones for the debt, with a lien on the property for its payment, and there is no extraneous evidence, nor can any implication arise from the part he took in the transaction that Hallet intended to waive his lien on the lots, and look to the personal responsibility of Marr and Jones alone for payment. We conclude, therefore, that appellee's lien was not waived, and the judgment must, therefore, be affirmed on the original appeal.

On the cross-appeal of appellee we have had more difficulty.   As we have before seen, Hallet had a lien on the lots for the note he held on Burrus & Co.; but he was present and sanctioned the sale and conveyance of them by Jones to Marr, and, with a full knowledge of the legal effect of the deed, he accepted the note of Marr, with the guaranty of Jones, which, as appellee alleges in her petition, "was given in satisfaction of a certain note held by Hallet, administrator of F. Roulhac, against S.

Burrus & Co.," whereby he acquitted Burrus & Co. of the note he held on them, which furnish sufficient grounds to conclude that he intended to look to the note on Marr. with the guaranty of Jones, and the lien retained in the deed to Marr, for payment, and waive the lien he held by virtue of the assignment of the note on Burrus & Co. to his intestate, and which he then surrendered to Jones.

Overton, Rowland & Co. were not innocent purchasers, because, by referring to the deed from Jones to Marr, through which their title is derived, they would have seen that the lien of appellee existed for the note executed to Hallet.

Wherefore, the judgment is affirmed on the cross-appeal.