Lewis v. Pusey, &c.

CASE 37—PETITION EQUITY—MARCH 14.

# Lewis v. Pusey, &c.

APPEAL FROM MEADE CIRCUIT COURT.

VENDOR'S LIEN FOR PURCHASE-PRICE OF LAND WAS NOT WAIVED IN THIS CASE.—Two tracts of land were sold and conveyed to J., a lien for the unpaid price being reserved in each of the deeds. Two purchase-notes of $500 each for the unpaid price of one tract were assigned to S., another of $1,000 for the unpaid price of the other tract was assigned to L. J. then sold and conveyed both tracts to P., the latter paying the whole price except $1,425, for which a lien was reserved. L. having obtained a judgment and execution against J. on the $1,000 note, J., in payment thereof, assigned to him the $1,425 note on P. (he paying to J. the excess), and the execution was returned satisfied. S. sued to enforce his lien for the two $500 notes, and L. asserted his lien for the $1,425 note. *Held,* that L. occupies the same, or at least as favorable a position as his assignor of the $1,000 note would if he had continued to own it. By accepting the note on P. for $1,425, and returning the execution satisfied, L. did nothing which can be construed as a waiver of his lien.

C. G. WINTERSMITH, }  . . . . . . . . For Appellant,
JOHN C. WALKER, . }

CITED

5 B. Monroe, 562, Hunt v. Branch's heirs.
4 Littell, 320, Johnson v. Gwathmey.
3 J. J. Marshall, 557, Clark v. Hunt.
6 Dana, 137, Kleiser, &c. v. Scott, &c.
6 B. Monroe, 75, Thurston v. Knox.
6 B. Monroe, 72, Honore's ex'r v. Blackwell.
7 B. Monroe, 117, Woodward v. Woodward.
18 B. Monroe, 553, Chapman v. Stockwell.
14 B. Monroe, 224, Tierman v. Thurman.
Revised Statutes, sec. 13, chap. 24, 1 Stanton, 280.

Lewis v. Pusey, &c.

M. H. COFER, . . . }
KINCHELOE & LEWIS, } . . . . . . . . For Appellees,

CITED

3 Indiana, 327, Jones v. Ransom.
3 E. D. Smith (N. Y.) 54, Heidenheimer v. Lyon.
9 Foster (New Hampshire), 153.
5 Maryland, 281, Parker v. Sedgwick.
29 Vermont, 488, Root v. Ross.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

In June, 1867, Mrs. Sarah A. Smith conveyed to Edward M. Johnson a tract of land in Meade County in consideration of fifteen hundred dollars, of which five hundred dollars were paid in hand, and for the residue Johnson executed his two promissory notes for five hundred dollars each, one due in twelve months and the other in two years from date, both bearing interest from the day of their execution; and to secure their payment an express lien is retained on the land in the deed from the grantor to the grantee. These notes Mrs. Smith assigned to George Smith.

On the 30th of June, 1868, George Smith, the holder, instituted his suit in equity against Johnson, to coerce the payment of the note which matured on the 17th of that month. Before the trial of the suit the second note matured, and by an amended petition, with the proper allegations, judgment was prayed for a sale of the land to enforce its payment also.

Johnson filed an answer in which, after charging fraud on the part of his vendor, a defect of title, and her removal from the state, of all which no further notice need be taken, as his title proved to be unobjectionable, he made the answer a cross-petition against John Pusey and the Smiths, and alleged that he had sold and conveyed the same land to Pusey by deed, with covenant of general warranty, and prayed that the title to the land be quieted, and for all proper relief.

Pusey, who was made a defendant to the original petition,

answered it and the cross-petition of Johnson, stating that he bought of Johnson a certain tract of land at the price of nine thousand dollars, and that Johnson conveyed the same to him with covenant of general warranty; that of the price he paid six thousand one hundred and fifty dollars in hand and executed his two promissory notes for the residue, one for one thousand four hundred and twenty-five dollars, due the 27th of July, 1868, which he had before he filed his answer fully paid, and the second for a like sum was made payable on the 27th of July, 1869, and was unpaid; that when he purchased the land of Johnson he represented to him that it was free from any lien or incumbrance, and the title perfect, whereby he was induced to accept the conveyance, and since his purchase he had made valuable and lasting improvements on it, amounting to three thousand five hundred dollars, and that he had recently discovered that Johnson had not fully paid Mrs. Smith, his vendor, for that part of the land he purchased of her, and that her title was defective; that Johnson had within a few months removed from the state, leaving no property or effects behind, having before he left assigned Pusey's note for the last installment to Jesse P. Lewis; that plaintiff claims to hold another note executed by Johnson to Mrs. S. A. Smith, due the 17th of June, 1869, for the last payment on the land purchased from her; that a rescission of his contract of purchase from Johnson would bring on him great pecuniary loss; that he desires to pay to the person or persons entitled thereto all he owes, but no more; makes Lewis and the Smiths defendants to his cross-petition, calls on them to set forth their respective claims, and prays that their rights be adjudicated and settled, and for general relief.

Lewis answered Pusey's cross-petition, and alleged that the Smiths assigned him a note on Johnson for one thousand dollars, executed to them for an installment on the tract of land sold by them to Johnson, called the mill tract, and a

part of the lands sold by Johnson to Pusey; that a lien was retained in the deed from the Smiths to Johnson to secure the payment of said note; that he had brought suit thereon, and recovered a judgment against Johnson for the amount; that after he recovered judgment for the debt Johnson, in order to settle and discharge the same, assigned to him a note on Pusey for one thousand four hundred and twenty-five dollars, the said Lewis having paid to Johnson the residue, after deducting from the one thousand four hundred and twenty-five dollars the amount of his judgment, interest, and costs.

Without further elaboration it will suffice to state that the pleadings present all the facts essential to the determination of the rights and liabilities of the several parties; and the deeds from the Smiths to Johnson, the deed from Johnson to Pusey, and the proceedings, judgment, and execution of Lewis against Johnson, and the indorsement on said execution, are all made exhibits in the case.

On final hearing the court below adjudged that Pusey pay to George Smith the sum of five hundred dollars with interest from the 17th of June, 1867, till paid, and the further sum of five hundred dollars with interest from same date, and costs; and on his failure to pay the same by a day named directed a sale of so much of the land conveyed by Mrs. Sarah A. Smith to E. M. Johnson as should be necessary to raise said sums. And it was further adjudged that Pusey should be credited by the amounts thus adjudged against him on the note for one thousand four hundred and twenty-five dollars, given by him to Johnson, and assigned by the latter to Lewis; and for the residue of said note, with the interest from the date of its maturity till paid, a judgment was rendered in favor of Lewis against Pusey, and a sale of so much of the land conveyed by Johnson to Pusey as should be necessary to pay the same was ordered; and for the balance of his debt Lewis was remitted to his legal rights against Johnson.

Of that judgment Lewis complains, because the court below did not adjudge to him the whole of his debt, and subject the land purchased by Pusey from Johnson to its payment.

The deed from Johnson and wife to Pusey recites that for and in consideration of nine thousand dollars paid and secured in the manner therein described they have sold and conveyed to him, his heirs and assigns forever, two certain tracts or parcels of land on Doe Run, in Meade County. It then describes the smaller tracts by metes and bounds, giving the quantity as twenty-two acres and twenty-six poles, and concludes the description by saying "said piece of land was conveyed by George Smith, &c., to Josephine H. Johnson on the 2d of November, 1865, and said deed is referred to." The other is described as being the same that "was conveyed by Mrs. Sarah Ann Smith to Edward M. Johnson on the 17th day of June, 1867, of record in the Meade County Court clerk's office, deed-book L, page 428." It is also further described by metes and bounds.

In the deed from George Smith and others to Mrs. Josephine Johnson, &c., a lien is expressly retained for the two deferred payments of one thousand dollars each, one of which was assigned to Lewis, and is the same debt for which he recovered judgment. Of the existence of that debt, and of the lien on the land for its security, Pusey must have had actual notice before he paid either of the notes executed by him to Johnson for the deferred payments. The conveyance to him was executed on the 29th of July, 1867, and his notes were not due until one and two years from that date.

But it is insisted that the entry on the execution of Lewis against Johnson is a discharge of Pusey from his liability, which reads as follows: "This execution is satisfied, fully satisfied, by Ed. M. Johnson, by his transferring a note on John R. Pusey, due and payable July, 1869, which note is delivered over to me as attorney for plaintiff, and done by his

authority and direction. So this execution is thus settled this 17th of July, 1868." Signed by Walker, the attorney for Lewis.

To secure the two notes for five hundred dollars each, executed by Johnson to Mrs. Smith, her assignee had a lien on the land *she* conveyed—a different tract from that on which the lien existed to secure the note for one thousand dollars assigned to Lewis on Johnson. If she had retained those notes and compelled Pusey to pay them, and George Smith, &c., had retained the note assigned to Lewis, in their attempt to enforce its payment against Pusey, it certainly would be no defense for him to say that he only owed one thousand four hundred and twenty-five dollars on the land; and having paid Mrs. Smith one thousand dollars of that sum, the residue thereof is all that he should be adjudged to pay. If it should be allowed as a defense, vendors' liens would be mere illusions, or at most a fragile claim for what balance a subsequent vendee might admit he owed his immediate vendor of the price he agreed to pay for the land. Legal rights must rest on a more solid foundation.

Lewis occupies the same or at least as favorable a position as his assignors of the note on Johnson would if they had continued to own it. By accepting the note on Pusey, Lewis did nothing which can be construed as a waiver of his lien, which he unquestionably acquired when he got the note on Johnson. That note was for the purchase-money of the land, and in part for the same land that the note which the Smiths assigned him on Johnson was for. And while, as between Pusey and Johnson, the payment of the one thousand dollars to Mrs. Smith or her assignee would be a satisfaction *pro tanto* of his note to Johnson, it certainly could not be so in a suit of George Smith, &c., or their assignee, to collect their lien-debt. The transactions as between the remote vendors are distinct, and their rights very different.

We are aware of no legal or equitable principle which authorizes a discrimination, and gives to the assignees of Mrs. Smith *the whole* of her debt, and to Lewis less than one half of his. But on a careful consideration of the case we can not hesitate to conclude that Lewis, by the acceptance of the note on Pusey, did not deprive himself of his pre-existing right to a lien on the land for his debt of one thousand dollars.

Wherefore the judgment is reversed, and the cause is remanded with directions to render judgment consistent with this opinion.