## WM. WHITE, ETC., *v.* JAS. DUNN, ETC.

**Executors and Administrators—Settlement—Former Administrators Should Surrender Assets—Sureties on Bond Not Liable to Administrator de Bonis Non But to Heirs and Creditors.**

In a suit by an administrator de bonis non against a former administrator the court should compel him to surrender all the choses in action and chattels belonging to the estate in order that the former could enforce payment or make the latter liable for their value, but the sureties cannot be held liable to the administrator de bonis non, while they would be to the heirs and creditors.

### APPEAL FROM BALLARD CIRCUIT COURT.

March 1, 1872.

OPINION BY JUDGE PETERS:

This equitable suit was brought by appellants as administrators *de bonis non* against Dunn, etc., the removed administrators of one Hammond's deceased, and in their petition it is alleged that the former administrators made a partial settlement of their fiducial accounts in which they reported a note on Wiley Taylor for $1,600 and other notes and accounts of smaller amounts on other persons, all of which were part of the estate of said decedent and were uncollected by them, and claimed a credit therefor. But that they failed to file said notes and evidence of debts as aforesaid, and that plaintiffs as administrators *de bonis non* were unable to reduce said notes, etc., to their possession so that they could enforce payment of the debtors, and they pray that said appellees be compelled to surrender the same to them, or to account for the amount.

To this petition a demurrer was filed by appellee Dunn and his demurrer sustained, and the plaintiffs below have brought the case to this court.

Certainly these choses in action, according to the allegations of the petition, were chattels of the intestate unadministered, and may have been assets in the hands of the administrators *de bonis non,* and that by the demurrer is admitted.

The former administrators had not made said debts their own by charging themselves with the amount thereof—and in said settlement of their accounts as administrators as aforesaid, they had claimed credits for them because they were unadministered —and according to the doctrine settled by this court, in *Saffran's Administrator v. Kennedy,* 7 J. J. Mar. 188; *Williams et al. v. Collins et al.,* 1 Ben. Mon. 58, and in the more recent case of *Burnes, etc., v. Roulac's Administrator,* 2 Bush 39; *Marryman v. Trunnell,* 3 Met. 147; appellants might prosecute this suit in equity against the former administrators to make them surrender said claims or to make them liable for their respective amounts, and the administrators were responsible, but the sureties are not re-

sponsible to the administrators *de bonis non,* while they would be to his heirs and creditors.

Wherefore the judgment is reversed and the cause remanded with directions to overrule the demurrer, and to permit the amended petition to be filed and for further proceedings consistent herewith.

*W. G. Bullitt,* for appellants.

*E. J. Bullitt,* for appellees.