## C. M. & J. W. WHIPP *v.* FRANK WOLFORD, ET AL.

**Notes for Purchase Money—Priority—Mortgages.**
>    The priority of purchase money mortgage notes does not depend upon the time such debts fall due.

**Mortgage.**
>    A mortgage to secure a number of notes maturing at different times secures all, and there is no priority.

**Parties to Action.**
>    All the holders of such notes must be made parties to foreclose, and the rights of each may be determined therein.

### APPEAL FROM CASEY CIRCUIT COURT.

June 30, 1874.

OPINION BY JUDGE PRYOR:

All the notes executed for the purchase money of the land operated as a lien upon it, and were equally secured. We have been unable to find any case where the priority of liens was made to depend upon the time the claim or note evidencing the debt fell due. When mortgages are executed to different parties at the same time to se-

cure different debts, and recorded, that mortgage where the right to foreclose first exists, by reason only that the note secured thereby first matures, can have no priority over the mortgage where the debts are not due. If not so, this equality of security by way of lien would be destroyed; and the rule be established that the note first due must be first satisfied out of the property intended to secure all, and without any preference whatever given by the writing creating the lien. It is true that the assignee obtaining a note not matured when assigned, has notice that the other heirs' notes are due, for the reason that their liens are retained in the deed; but he has notice also that all of the notes are equally secured, the writing giving no preference to the one over the other. The party whose note is due has the right to proceed at once to enforce his lien or to obtain his personal judgment, and this is the only advantage he has over those whose lien notes have not matured. In attempting to enforce his lien all other parties holding lien notes must be brought before the court in order that they may assert their equities; and whilst the chancellor cannot subject the property to the payment of any lien note not due, still he will protect the rights of the holder by selling the land subject to the liens evidenced by the notes not matured. This is the equitable position assignees of such papers occupy with reference to each other. They take the paper in which all are equally secured by the lien retained, and no sale will be made in favor of one without securing the rights of the other. If the party whose note is due enforces his lien, he can purchase the whole or a part of the land subject to the lien not due, but will not be permitted, by his own act or by reason of his note first falling due, to deprive others of any equity equal in any respect to his own. Where the vendor of the land or another holds all the lien notes, and he undertakes to enforce the lien for only a part of the lien debt, the judgment is to sell absolutely without receiving any other lien in his favor or selling subject to any, as he is in a condition to purchase only so much as will pay his debt due, leaving the balance to satisfy the other liens; and besides the question of priority does not arise. He will not be allowed to encumber the title by selling subject to his own liens. Offering to sell, he must make to the purchaser—or place the chancellor in a condition to do so—a clear title to what he buys. This is the distinction between cases where one holds all the lien notes, and where they have been assigned to different parties. The holder of all the notes is in a condition to protect himself, whilst in a case like this, equity

alone can afford relief. *Broadwell v. King,* 3 B. Mon. 449; *Burrus v. Roulhac's Adm'r,* 2 Bush 39; *Enson v. Bisque,* Mss. Opinion of Sept. 11, '72.

Judgment *affirmed.*

*Owsley & Burdett, for appellants.*
*VanWinkle, for appellees.*