### SALLIE McGUIRE'S EX'R *v.* J. J. ROBINSON'S ADM'R, ET AL.

**Liens on Real Estate.**
> Notes secured by one lien in the same conveyance have no priority the one over the other. There is no equity in giving one lienholder a preference over another in such a case.

**Parties to an Appeal.**
> An appellant may prosecute his appeal as against one or more of the parties to the record, but if he fails to make the proper parties, the remedy is by motion to dismiss the appeal.

#### APPEAL FROM GALLATIN CIRCUIT COURT.

March 2, 1880.

OPINION BY JUDGE PRYOR:

The authorities relied on by counsel in support of the view favorable to appellant have not been sanctioned by any adjudication of this court.

The doctrine is that notes secured by one lien in the same conveyance have no priority the one over the other, and in this case, the personal liability of Robinson being gone as assignee of the note, there is no equity in giving one lienholder a preference over another. This doctrine has been repeatedly recognized by this court, and now forms a part of the civil procedure of the state regulating the enforcement of liens. Sec. 694, Civil Code; *Broadwell v. King,* 3 B. Mon. 449; *Burrus v. Roulhac's Adm'x,* 2 Bush 39; *Lewis v. Pusey,* 8 Bush 615. It is only the appellees who can pray a cross-appeal, and then against the appellant. It does not follow that because one is a party to the record below that he becomes a party here. The appel-

lant may see proper to prosecute his appeal as against one or more of the parties to the record, and if he fails to make the proper parties, remedy is by motion to dismiss.

Judgment *affirmed* and cross-appeal dismissed.

*J. J. Landrum, Strother & Orr, for appellant.*

*Hallam & Gordon, Winslows, for appellees.*

