CASE 37—PETITION ORDINARY—OCTOBER 3.

## Maraman vs. Trunnell, (two cases.)

### APPEALS FROM BULLITT CIRCUIT COURT.

Notes executed to an administrator as such may, if uncollected or undisposed of by him in his lifetime, become assets in the hands either of his own personal representative, or of the administrator *de bonis non*, the one or the other—should there be a conflict between them—being entitled according to the result of the inquiry whether the first administrator had become beneficially entitled to them as a creditor of his intestate or by having charged himself with them in a settlement of the estate. (1 *B. Mon.*, 62; 15 *B. Mon.*, 633.)

The sheriff, to whom an estate is committed by the county court, as administrator *de bonis non*, may sue in his name as administrator, &c., upon notes which were executed to the former administrator as such, and which have come to the sheriff's hands as assets of the estate. He, being the real party in interest, could alone maintain the action. (*Civil Code, sec.* 30.)

THOMPSON & FIELD, for appellant, cited *Rev. Statute, chap.* 37, *art.* 1, *sec.* 18; 3 *Mon.*, 353; 5 *Mon.*, 19; 1 *Met.*, 51.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

As these appeals involve the same question, and are between the same parties, they will be considered and disposed of together.

In 1857 Henry O. Maraman made several promissory notes, payable to "James Caldwell, *administrator* of F. Maraman, deceased." Caldwell died without collecting the notes, or fully administering upon the estate of his intestate. By an order of the Bullitt county court, the estate of F. Maraman, deceased, not administered, was committed to the charge of Trunnell, the sheriff of said county, as administrator *de bonis non*, and the said notes having come to his hands as assets of the estate of F. Maraman, deceased, he brought suits on them in his name, as administrator *de bonis non*, against Henry O. Maraman, setting forth in his petitions the foregoing facts, and also alleging that the maker of the notes was the administrator of James Caldwell, deceased, the payee.

Demurrers were entered to both petitions, and overruled, and judgments rendered for want of any further defense; and

whether the actions were properly maintainable in Trunnell's name, as administrator *de bonis non*, is the only point to be determined.

The *Revised Statutes*, (*Stanton's edition, vol.* 1, *page* 500,) provide that, in cases where estates are committed to the hands of the sheriff, "he shall, by virtue of his office and the order of court, be the administrator or administrator. *de bonis non* of the decedent," and shall have all the rights and powers, and shall be bound to perform all the duties of such administrator.

It is insisted, however, that inasmuch as the notes were made payable to Caldwell, the right of action existed alone in his administrator.

This objection, though plausible, is not well taken. The petitions distinctly aver that the notes sued on were assets belonging to the estate of F. Maraman, deceased, and, in the absence of any denial, this averment must be regarded as true. The notes being assets of said estate, were properly in the hands of the sheriff, and he being the real party in interest could alone maintain the action. (*Civil Code, sec.* 30.)

The fact that the notes were made payable to Caldwell, "administrator of F. Maraman, deceased," though *prima facie* evidence of his right to them, was by no means conclusive. They did not thereby become his property. He might have made them so by charging himself, or by being charged in a settlement, with them. The rule may be now regarded as permanently established, that notes executed to an administrator as such may, if uncollected or undisposed of by him in his life time, become assets in the hands, either of his own personal representative or of the administrator *de bonis non*, the one or the other—should there be a conflict between them—being entitled according to the result of the inquiry, whether the first administrator had become beneficially entitled to them as a creditor of his intestate, or by having charged himself with them in a settlement of the estate. (*Williams vs. Collins*, 1 *B. Mon.*, 62; *Jones vs. Everman*, 15 *B. Mon.*, 633.)

Here, as we have seen, the allegations of the petitions place beyond all controversy the right of the administrator *de bonis non* to the notes in question, as assets of the estate of his in-

testate, and consequently exclude the right of appellant as administrator of the payee. Having no right to them as administrator of Caldwell, and having failed to present any defense to the petitions, the appellant was bound, as the maker of the notes, for their payment to the party who had thus shown himself entitled to collect them.

The judgments are both *affirmed.*