### GEORGE F. VERRY *vs.* LEVI RICHARDSON.

If a mortgagor of land makes a second mortgage thereof, which is fraudulent as to creditors, the interest described in the second mortgage may be seized on execution, although he has subsequently conveyed away the right to redeem both mortgages. And if the execution is for a less amount than the value of the interest described in the second mortgage, the creditor, under his levy, takes a title in precedence thereof, to the amount of his execution.

CHAPMAN, J. This is a bill in equity to redeem land from a mortgage. It appears that the defendant Richardson has two mortgages on the land described in the bill; the first of which

is valid, and the second of which is fraudulent, and therefore void, as to the creditors of Elliot, the mortgagor. But though void as to Elliot's creditors, it is valid as between the parties. The right in equity to redeem these mortgages was conveyed by Elliot to V. C. Hooker. Both mortgages are therefore valid as to him. He took no title by a conveyance of the equity which authorizes him to contest either of them. *Russell* v. *Dudley*, 3 Met. 147.

While the title to the land was in this condition, the plaintiff, having recovered a judgment against Elliot, undertook to exercise the rights of a creditor in respect to the second mortgage. The only method which was open to him was by levying his execution upon the right in equity which it conveyed to Richardson. This he did; and by virtue of the estate thus acquired, which was a right in equity to redeem the first mortgage, he now brings this bill to redeem. An issue having been framed to the jury for the purpose of trying the question, they have found that the second mortgage was fraudulent as to creditors. This establishes the plaintiff's right to redeem.

It appears that the second mortgage was for twelve hundred dollars, while the plaintiff's execution was for a much less sum, being about two hundred dollars. But this state of things creates no embarrassment. The title of the plaintiff under his levy takes precedence of the title of Richardson under the second mortgage, and leaves that mortgage in all other respects as it stood before. And the title of Hooker is not affected, except that he must treat the plaintiff as standing in Richardson's place, to the extent of the rights acquired under his levy. For all beyond this, Richardson's second mortgage is valid as to him; so that the incumbrance upon his property is neither increased nor diminished by means of the plaintiff's intervention. Thus either he or Richardson may redeem the premises, by payment of the amount of the incumbrances to which their respective titles are subject, unless they have lost the right through something that has occurred independently of the levy. The equitable interests of the parties are thus preserved, and the fraud as to creditors is left uncovered.

Decree that the plaintiff may redeem the first mortgage.

*E. Mellen & W. S. Davis*, for the plaintiff.

*F. H. Dewey*, for the defendant.