BENJAMIN B. TAYLOR *vs.* FANNY DEAN & another.

The purchaser of an equity of redemption of land at a sale thereof on execution cannot contest the validity of the mortgage, or maintain a bill in equity to set aside a foreclosure of the mortgage as fraudulent, after the expiration of more than three years from the time when a certificate of taking peaceable possession for the purpose of foreclosure was duly recorded.

BILL IN EQUITY, setting forth that on the 15th of May 1858 the defendant Fanny Dean executed a mortgage of certain real estate to her daughter Margaret S. Dean; that in February 1859 the plaintiff attached the equity of redemption, which

apparently remained in said Fanny, upon a writ against her; that in November 1859 he recovered judgment in the action, and levied his execution upon said equity, and purchased the same at the sheriff's sale for $500, and took a deed thereof; that said mortgage was executed and received with the intent on the part of said Fanny and said Margaret to defraud the plaintiff, who was a creditor of said Fanny; and praying that the levy may be declared null and void, and that his judgment may be declared unsatisfied, to the extent of the levy. The bill further set forth that on the 30th of November 1859 said Fanny fraudulently gave to said Margaret a certificate that she had that day given to the latter peaceable possession of the mortgaged premises for the purpose of foreclosure, which was recorded on the same day, but did not come to the knowledge of the plaintiff for more than three years; that no entry was ever actually made or possession taken for the purpose of foreclosure, but that the whole transaction was fraudulent; and the plaintiff prayed that if the levy of his execution was to be treated as valid the foreclosure might be declared to be null and void.

The defendants filed a general demurrer, which was overruled, and the case was reserved for the whole court.

*C. I. Reed,* for the defendants.

*E. H. Bennett,* for the plaintiff.

CHAPMAN, J. The defendant Fanny Dean had made a mortgage to the defendant Margaret S. Dean, and the plaintiff, having recovered judgment against Fanny, caused the equity of redemption to be sold on his execution, and became the purchaser. He seeks as such purchaser to have the sale declared null and void, because he says the mortgage was fraudulent against creditors, and was without good consideration.

But a creditor who becomes the purchaser of the equity has no right to contest the validity of the mortgage on this ground. *Russell* v. *Dudley,* 3 Met. 147. *Gerrish* v. *Mace,* 9 Gray, 235. And if the mortgage is to stand as to him, the equity of redemption is no less valuable because the mortgage is fraudulent. He gets what he purchased; and he voluntarily offered at the auction the price which he paid for it.

But he further says that Fanny fraudulently gave to Margaret a certificate upon the mortgage that she had given to her possession of said mortgaged property ; that the certificate was properly recorded on the same day, and that three years have since elapsed, so that the mortgage is foreclosed. On the alleged ground that this transaction was fraudulent, and did not come to the knowledge of the plaintiff till after the lapse of three years, he seeks to have the foreclosure set aside, and to be let in to redeem the mortgage, if he cannot avoid it. But these acts cannot possibly be fraudulent. The mortgagor had a right to give the certificate and the mortgagee to take it, without giving notice to him. The statute makes the registry of the certificate constructive notice to him, and the duty of examining the records to see whether any such certificate is there is upon him. He has lost his right by neglecting to attend to it.

*Demurrer sustained. Bill dismissed, with costs.*