PETER C. TUITE vs. LEVI .F. STEVENS.

The assignee of a firm of insolvent debtors conveyed by a deed all the right, title and interest which he had as assignee "in and to all that machinery and property of every name and nature, lately belonging to said firm, and which is subject to two mortgages," which were described; " said property is all contained in the premises lately occupied by" said firm, " and has been this day purchased by the said " grantee, " subject to said mortgages," " and is released without warranty or assurance of any kind; meaning to convey all the right, title and interest which the assignee has in and to the machinery and property in said premises, in any form." Held, that the deed covered all the property upon the premises, whether included in the mortgages or not; and that it only conveyed the title of the assignee, subject to the mortgages, and did not authorize the grantee to contest the validity of the mortgages.

A purchaser in good faith from an assignee in insolvency is not bound, in vindicating his title, to show that the assignee complied with the provisions of St. 1861, c. 104, § 2, in making the sale.

REPLEVIN of a large number of articles of machinery and other property, appraised at a total value of ten thousand one hundred and thirty-five dollars and fifty cents.

At the trial in the superior court, before *Russell*, J., the plaintiff claimed title under a deed dated September 1, 1865, and in this form :

" Know all men by these presents that I, Richard W. Pratt, assignee of the estate of Daily & Worthen, insolvent debtors, for and in consideration of the sum of one thousand five hundred and ten dollars to me in hand paid by Peter C. Tuite of Boston, the receipt whereof I hereby acknowledge, do hereby release and convey unto the said Peter C. Tuite all the right, title and interest which I have as assignee as aforesaid in and to all that machinery and property of every name and nature lately belonging to said firm, and which is subject to two mortgages given by the said Daily & Worthen to Levi F. Stevens in September and November 1864, and which are duly recorded with the chattel mortgages of the city of Boston, and to which reference is made for a further description. Said property is all contained in the premises lately occupied by said Daily & Worthen, at No. 143 Federal Street, Boston, and has been this day purchased by the said P. C. Tuite, subject to said mortgage, at public auction, at the office of Samuel Hatch," " being the high-

est bidder therefor, and is released without warranty or assur-ance of any kind. Meaning to convey all the right, title and interest which the assignee has in and to the machinery and property in said premises, in any form."

The plaintiff also put in evidence the records and proceed-ings of the court of insolvency upon the petition of Daily & Worthen, insolvent debtors, as tending to prove that the prop-erty described belonged to them before their insolvency, and passed by virtue of the proceedings in insolvency to the assignee.

The defendant contended that by virtue of the deed the plain-tiff took no title to the property except the right to redeem the same from the mortgages, under which the defendant was in possession; and the plaintiff contended that he took by the deed the entire interest of the assignee, and offered to prove that the first mortgage was fraudulent, and that the second was in vio-lation of the provisions of the insolvent laws. The judge ruled that the plaintiff took no title under the deed which would en-title him to maintain this action.

The plaintiff then offered to prove that a portion of the prop-erty sued for in his writ was not in either mortgage, but was free from incumbrance of any kind, and was in the place of business mentioned in the deed of September 1 at the time it was made; but the judge ruled that the deed conveyed no title to any prop-erty not included in the mortgage, and directed a verdict for the defendant, which was accordingly rendered. The plaintiff alleged exceptions.

*N. Richardson & E. M. Bigelow,* for the plaintiff.

*J. A. Loring,* for the defendant.

WELLS, J. The first question to be determined is, whether the bill of sale to the plaintiff, from Pratt, the assignee of Daily & Worthen, conveyed to him the whole property that was upon the premises, No. 143 Federal Street, or only so much of it as was in fact subject to the mortgages to Stevens. The body of the instrument is ambiguous, capable of either construction. But the final clause, which declares the intent of the parties clearly makes it apply to the whole property in said premises. It is the duty of the court to give it that construction which

appears upon the whole instrument to have been the real contract and intent of the parties.

It is urged that the assignee had no power to sell otherwise than at public auction, and that the plaintiff failed to show a good title in himself by the bill of sale merely, without proof of the proceedings requisite to make the sale comply with St. 1861, *c.* 104, § 2. But we are of opinion that the defendant is not entitled to avail himself of such an objection. The statute seems to be intended to secure a proper accountability on the part of assignees in insolvency; and we think is to be construed as directory merely, and not as rendering the title of *bonâ fide* purchasers void for any failure of the assignee to comply with its provisions.

The most important question is, as to the right of the purchaser from the assignee to avoid the mortgages that had been placed upon the property by the insolvent debtor, upon the ground of fraud in their inception. If the mortgages were voidable for such fraud, the assignee undoubtedly had the right to elect whether to avoid or affirm them. If he elected to affirm them, — as he would appear to have done by his bill of sale describing the property as " subject to two mortgages," and declaring that it had been purchased by Tuite " subject to said mortgages," — the purchaser is concluded by such election. Indeed it is questionable whether the assignee could sell to another party the right to contest, by action merely, a mortgage title to personal property in the hands of the mortgagee; whether he must not himself avoid the mortgage, at least so far as to regain possession of the property, before he can make a transfer which will be operative as against the mortgagee. If he does not do this, the statute authorizes him to redeem the mortgage or sell the property " subject to such mortgage." Gen. Sts. *c.* 118 § 44.

The assignee in this case has sold " subject to the mortgages; " and, so far as the mortgages were voidable merely, they have now ceased to be so, by the affirmance of the assignee. The plaintiff is therefore not entitled to hold any part of the property covered by the mortgages, until he shall have

redeemed; and the rulings of the court below were correct to that extent. But, as to any property embraced in the bill of sale, (construed as above,) which was not covered by either mortgage, the plaintiff should have been permitted to establish his title, by such evidence as he might be able to adduce to show a valid sale from the assignee to himself. To that extent and for that purpose the exceptions are sustained and a new trial is granted.