## FOSTER FREELAND *vs.* MARY DE W. FREELAND.

An assignee in insolvency may, upon clearly manifesting his election to treat as void a con‧ veyance of land made by the debtor in fraud of creditors, sell and convey his whole interest in the land without himself first bringing an action to set aside the conveyance.

An assignee of an insolvent debtor entered upon land mortgaged by the debtor, gave no‑ tice to the debtor and the mortgagee that he should contest it as fraudulent as against creditors, and directed the tenant to hold the land as his agent; and afterwards sold and conveyed all his right, title, claim and demand as such assignee, and all the right, title, interest, claim and demand which the debtor had on the day of the first publication of otice of the insolvency proceedings, in the land. *Held*, that the purchaser might contest the validity of the mortgage on the ground of such fraud.

Upon a motion for a conditional judgment on a writ of entry to foreclose a mortgage, evidence is admissible of the actual amount of liabilities, absolute or contingent, which the mortgage was given to secure.

WRIT OF ENTRY to foreclose a mortgage of land in Sutton, made to the demandant by his brother, Freeman Freeland, and purporting to be in consideration of $5500.

At the trial in the superior court, before *Brigham,* C. J., without a jury, the tenant, who was the wife of Freeman Freeland, proved that George F. Verry was duly appointed assignee in insolvency of her husband ; that the estate of her husband was duly assigned to Verry by the judge in insolvency; "that Verry entered upon and took possession of the mortgaged premises, the demandant not being in possession ; that, for the purpose of showing a disaffirmance of the mortgage, Verry, when so in

possession, orally notified the insolvent and the demandant that he should contest the mortgage as fraudulent as against creditors, directed the tenant to hold the premises as his agent, (she at the time living thereon with her husband,) and complained against the demandant for embezzling the estate of the insolvent, in the court of insolvency, examined him upon such complaint as to the circumstances and consideration of the mortgage, and brought a bill in equity against him;" that debts were proved against the estate of the insolvent, which were outstanding at the time of making the mortgage; and that Verry, as assignee of the tenant's husband in insolvency, executed and delivered to her a deed in which, for the consideration of $1500, he quitclaimed to her and her heirs all his " right, title, claim and demand as such assignee, and all the right, title, interest, claim and demand of Freeman Freeland on the day of the first publication of notice in said case, which was conveyed and assigned to said Verry by virtue of the assignment" aforesaid, in and to the mortgaged premises.

The tenant then offered to prove that " the mortgage was made by said Freeland for the purpose of hindering, delaying and defrauding his creditors, in which purpose the demandant participated; that the mortgage was without consideration as between the parties; that the assignee orally agreed with the tenant to sell her the land covered by the mortgage, free and discharged of the mortgage, on the ground that the same was fraudulent against creditors, without consideration, and conveyed upon a secret trust for the benefit of said Freeland; that in pursuance of said agreement he made the deed aforesaid to her; that said deed was executed with the oral agreement that it was a conveyance of the land discharged and free of the mortgage, and with a distinct oral agreement that the tenant should have the same right to contest the mortgage that said assignee would have; and that thereupon the assignee delivered possession of said premises to the tenant, who had ever since been, and still was, in possession of the same." But the judge rejected the evidence thus offered, ruled that it was not competent, and found for the demandant.

On the motion for a conditional judgment, the demandant introduced evidence tending to show that the mortgage was given to secure claims by the demandant on the tenant's husband to the amount of $4000, and also to secure the demandant against liability on a bond given by him conditioned to pay $1500 upon a certain contingency on account of the tenant's husband. The tenant then offered evidence tending to show that the claims were not real but pretended, and that the demandant incurred no liability under the bond; but the judge refused to admit it, and ordered judgment for the full amount claimed by the demandant. The tenant alleged exceptions.

*G. F. Verry*, for the tenant.

*F. P. Goulding & H. B. Staples*, for the demandant.

GRAY, J. By the insolvent law of this Commonwealth, the assignment from the judge of insolvency vests in the assignee not only all the property of the debtor, real or personal, which he could have lawfully sold, assigned or conveyed, but all that could have been taken on execution on a judgment against him at the time of the first publication of notice of the issuing of the warrant in insolvency; (which includes lands fraudulently conveyed by the debtor with intent to defeat, delay or hinder his creditors; Gen. Sts. *c.* 103, § 1;) and also all rights of action for goods or estate, real or personal, as well as the debtor's rights of redeeming such goods or estate; and the assignee may either redeem the goods or estate from any mortgage or incumbrance, or sell the same subject thereto, on such terms as he thinks most for the interest of creditors. Gen. Sts. *c.* 118, §§ 44, 46.

A conveyance made in fraud of creditors is valid as between the parties, and can be avoided only by creditors, or by the assignee in insolvency representing them; and, if he affirms it, it stands good. *Butler* v. *Hildreth*, 5 Met. 49. *Snow* v. *Lang*, 2 Allen, 18. *Harvey* v. *Varney*, 98 Mass. 118. The assignment in insolvency transfers to the assignee the right to avoid a conveyance made in fraud of creditors; and the right of electing whether to affirm or avoid such a conveyance may be exercised by the assignee, and by him only. The validity or invalidity of a mortgage disputed on the ground of fraud affects the value

of the property to be distributed among all the creditors, as well as the right of the mortgagee to prove his debt in insolvency. The assignee must therefore make his election before selling his interest in mortgaged real estate. He may either treat the mortgage as valid, and sell the equity of redemption only, subject to the mortgage; or he may elect to avoid the mortgage, and sell the whole title in the land. In the latter alternative, however, he is not bound to incur the delay and expense necessarily incident to the prosecution to final judgment of legal proceedings to establish the invalidity of the mortgage; but he may, upon clearly manifesting his election to treat it as null and void, sell and convey his whole interest in the mortgaged estate, in which case the right to deny and contest the validity of the mortgage will pass to the purchaser. The right of the assignee in insolvency to do this, without himself first bringing an action to test the title of a fraudulent grantee, was distinctly asserted by Chief Justice Shaw in delivering the judgment of this court in *Gibbs* v. *Thayer*, 6 Cush. 30 ; and a like right was adjudged to exist in an assignee in bankruptcy by the supreme court of Maine in *Dwinel* v. *Perley*, 32 Maine, 197. The election of the assignee to avoid the mortgage is evidence only of the extent of the rights asserted by him, and intended to be sold and conveyed by him. It cannot, of course, conclude the mortgagee, who may still assert and try the validity of his security against the purchaser as he might have done against the assignee in insolvency.

None of the cases cited for the demandant support the opposite view. In *Tuite* v. *Stevens*, 98 Mass. 305, *Brewer* v. *Hyndman*, 18 N. H. 9, and *Bean* v. *Brackett*, 34 N. H. 102, in which purchasers from assignees were held to have no right to impeach, as fraudulent, mortgages made by debtors, there was no evidence, either in the previous acts of the assignee, or in the terms of his conveyance, of an unequivocal election to treat the mortgage as void ; and in *Tuite* v. *Stevens*, on the contrary the conveyance by the assignee was in terms made " subject to the mortgage," thereby, as the court held, manifesting his election to affirm its validity.

*Russell* v. *Dudley*, 3 Met. 147, and *Taylor* v. *Dean*, 7 Allen, 251, were not cases of sales by an assignee, but of sales by a sheriff on execution, which were wholly void if the estate sold was more than an equity of redemption. But a creditor who levies his execution upon land by extent has been held, by the supreme court of Maine, to have the right to treat a mortgage thereon as fraudulent and therefore void, and, on proving that it is so, to defeat a previous sale of the land on the execution of another creditor. *Bullard* v. *Hinkley*, 6 Greenl. 289. And it has been held by this court that if an estate sold on execution is subject to one valid mortgage, the purchaser may contest the validity, on the ground of fraud, of any other mortgage thereon. *Stebbins* v. *Miller*, 12 Allen, 591. *Capen* v. *Doty*, 13 Allen, 262, 266.

In the case of the levy of an execution, no person is authorized or required to make an election in behalf of all the creditors whether to affirm or to avoid a previous fraudulent conveyance of the land; but the levy, whether made by extent or by sale, appropriates to the payment of debts all the interest, chargeable with such payment, which can legally be taken by the form of proceeding adopted. In the case of a sale, by license of the probate court, for the payment of debts of a deceased person, of land conveyed by him in fraud of creditors, although the executor or administrator may, if he pleases, first obtain possession by action, he is not bound to do so, but a mere formal entry by him is sufficient to authorize him to sell and convey the whole title. Gen. Sts. *c.* 102, §§ 11–13. A sale of land by an assignee in insolvency, after openly electing to disaffirm as fraudulent a previous conveyance, must be equally extensive in its operation.

The deed of the assignee to the tenant in this case purports to convey not merely all the title and interest of the debtor in the land at the time of the first publication of notice of the insolvency proceedings, but all his own " right, title, claim and demand as such assignee," which would include the right to set aside the demandant's mortgage as fraudulent against creditors. The tenant offered to prove that the mortgage was made for the purpose, participated in by the mortgagee, of hindering, de-

laying and defrauding creditors; and that the assignee, before making his deed to the tenant, made his election, manifested by clear and unequivocal acts of entering upon the estate and giving notice to the mortgagor, to the mortgagee, and to those in possession at the time, to avoid the mortgage. That evidence should have been admitted.

Upon the motion of the demandant for a conditional judgment, the question of the amount due upon the mortgage was to be settled upon the same principles as upon a bill in equity between the same parties to redeem the land from the mortgage; and the tenant should have been permitted to show the real consideration of the mortgage, by evidence of the actual amount of valid claims thereby secured, as well as of the contingent liability of the mortgagee under the bond, the amount named in which formed part of the consideration, both of which must be ascertained or estimated in order to fix the terms of the conditional judgment. *Wearse* v. *Peirce*, 24 Pick. 141. *Holbrook* v. *Bliss*, 9 Allen, 69.                *Exceptions sustained.*