MANILLA H. J. DAVIS *vs.* CHARLES S. BEAN.

In determining "how much is due to the plaintiff on the mortgage" upon a motion to enter a conditional judgment under Gen. Sts. *c.* 140, § 5, where the premises have been conveyed by the plaintiff to the defendant with covenant against incumbrances and the mortgage has been given to secure the purchase money, the court should deduct from the amount otherwise due the sum paid to remove an incumbrance.

WRIT OF ENTRY to foreclose a mortgage. Writ dated July 10, 1872. Upon a motion in the Superior Court, before *Allen,* J., to award a conditional judgment, it appeared that the mortgage debt was a promissory note given by the defendant to the plaintiff for part payment of the purchase money of the mortgaged premises, which were conveyed by the plaintiff to the defendant at the same time the mortgage was given.

The defendant offered evidence to prove that on March 8, 1873, he paid $64.90, the amount of taxes assessed on the premises for the year 1872 ; that the deed from the plaintiff to him was dated and delivered May 4, 1872, and was a warranty deed with covenant against incumbrances ; that the plaintiff was in occupation of the premises May 1, 1872, and had refused to pay the taxes. The defendant contended that the taxes were a lien

on the premises, and constituted a breach of the covenant against incumbrances, and that the money necessary to remove the incumbrance paid by him after the commencement of the action could be deducted from the amount of the mortgage note. The plaintiff objected to the competency of the evidence, and to any deduction from the mortgage debt on account of money paid by the defendant after the commencement of the action.

The court admitted the evidence, and ordered that the amount paid by the defendant should be deducted from the amount of the note, and the conditional judgment was so entered, and the plaintiff alleged exceptions.

*R. B. Caverly,* for the plaintiff.

*G. Stevens & W. H. Anderson,* for the defendant.

WELLS, J. Upon the hearing for conditional judgment, the court determines " how much is due to the plaintiff on the mortgage." Gen. Sts. c. 140, § 5.

In *Vinton* v. *King,* 4 Allen, 562, it was held that " the defendant may show the same matters in defence (the statute of limitations excepted, 19 Pick. 535) which he might show in defence of an action on the note." The exception should also include matters of set-off. *Bird* v. *Gill,* 12 Gray, 60. *Holbrook* v. *Bliss,* 9 Allen, 69, 77.

In *Wearse* v. *Peirce,* 24 Pick. 141, the defence of want of consideration for the notes secured by the mortgage was allowed to prevail in the trial of the issue to the jury. And in *Freeland* v. *Freeland,* 102 Mass. 475, the defence on that ground was held to be applicable to the hearing on a motion for conditional judgment. The latter decision apparently contemplated the case of a partial failure only.

We see no reason why any defence which relates to the validity of the debt, or to the consideration of the notes secured by a mortgage, should not be admitted to defeat or limit the right of the mortgagee to enforce his claim against the land of the mortgagor, as well as when he seeks to enforce it against the mortgagor personally. If the defence goes to the whole debt, it may be tried upon the main issue. If it is partial only, then it must necessarily be heard with the motion for conditional judgment.

The defence in this case relates to the consideration of the notes secured by the mortgage; and is available, by way of recoupment, in a suit upon the notes themselves. *Davis* v. *Bean, ante,* 358. The amount of debt justly " due to the plaintiff on the mortgage," is whatever sum he is entitled to recover upon those notes; and that must depend upon the rights of the parties at the time of the investigation, and not upon the mode in which, or the tribunal by which, the investigation is conducted. We are of opinion that the deduction was properly allowed; and the

*Exceptions are overruled.*