CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Thomas M. Reeves was executor of the last will and testament of Thos. Reeves, deceased, and was the holder of the promissory note of Steele & Dick, payable to himself as such executor, upon which there remained due and unpaid a balance of $1,000. In the summer of 1873 he assigned this note to the appellant Reed. It is a conceded fact that at least $185 'of the consideration for the assignment was a debt owing by Thomas M. Reeves to Reed for money lost and won at a game of cards.
After the transfer of the note, all the parties consenting thereto, Steele & Dick executed a new note for $1,000, due in one year, with interest -at the rate of ten per cent per annum from date. This note was made payable to Thomas M. Reeves as executor, and was by him at once assigned to Reed.
A short time after this transaction Reeves resigned his place as executor, and the appellee Wilson was appointed administrator de bonis non of the estate of the said Thomas Reeves, deceased.
He instituted this action against Reed to recover either the possession of the note last assigned to him by his predecessor in office, or the value thereof. Reed having sold said note, judgment was rendered against him for its full value, viz. $1,000, with ten per cent interest from June 27, 1873, until paid, and to reverse that judgment he prosecutes this appeal.
By section 1, chapter 42 of the Revised Statutes, which were in force at the time of the transfer of the note in controversy, it was provided, “That every contract, conveyance, transfer, or assurance for the consideration, in whole or in part, of money, property, or other thing won, lost, or bet at *449 any game, sport, pastime, or wager, or for the consideration of money, property, or other thing lent or advanced, for the purpose of gaming or wagering, to a person then actually engaged in betting, gaming, or wagering, shall be void.”
One hundred and eighty-five dollars of the consideration passing from Reed to Reeves for the transfer of the , note (being an admitted debt for money won at cards, the assignment of said note is a contract falling clearly within the provisions of this statute), it must be treated as void. The contract being void, the title to the note did not pass to Reed; nor did the execution of the new note and the assignment of it to Reed change the status or rights of the parties. The consideration for this last assignment embraced the original gaming debt, and hence it was also void.
The consequence of this conclusion is, that Reed, after the two assignments, held the note for Reeves, and the latter held so much money as may not have been paid him, in contravention of the statute heretofore quoted, for Reed. Hence, at the time Reeves resigned as executor, the note held for him by Reed remained, in estimation of law, unadministered assets in his hands. He could not claim the note as his property, because he was neither a creditor of the estate of the testator, nor had he charged himself with it in an official settlement of the estate. (3 Met. 147; 15 B. Mon. 33; I B. Mon. 61.)
Such being the case, neither Reeves nor Reed, who held for him, could lawfully refuse to surrender the note to the administrator de bonis non.
Said administrator does not stand in the room and stead of Reeves, with no other or greater rights than the latter could assert if he was still executor, and was seeking to recover the note from Reed. He does not claim under and through, but against Reeves and all persons holding for him. We need not therefore decide whether as against Reeves the appellant could have held the note until so much of the money actually paid, *450 and not contaminated with the vicious consideration, should be returned. As the matter now stands, the appellee is entitled to the note or its value, and the appellant has his right of action 'against the party who holds his money under a void contract. We do not see that the institution of this action in equity can affect the rights of appellee. Equity can no more enforce a void contract than can a court of law.
The judgment must be affirmed.