# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

CHARLES P. BARTLETT, in *scire facias*, *vs*. THOMAS STEARNS.

Oxford.    Opinion September 8, 1881.

*Scire facias.    Sale of equity of redemption.*

A sale by an officer upon execution for a gross sum of all the right in equity which the judgment debtor has to redeem a certain parcel of property from two or more mortgages is not a sale of two or more equities when the several mortgages cover the same property and no other, and is not, therefore void as the joint sale of two or more distinct equities upon execution would be.

The head note to *Smith* v. *Dow*, 51 Maine, 21, to the effect that the same rule applies, "whether other pieces are included in the mortgages or not," is not warranted by anything in the case.

ON AGREED STATEMENT.

An action of *scire facias* whereby the plaintiff seeks to obtain an *alias* execution on a judgment recovered by the plaintiff against the defendant, on the third day of October, 1877, before the Supreme Judicial Court, Oxford county, for the sum of $254.46, debt or damage, and $13.78, costs of suit.

It is agreed by the parties that the judgment mentioned was duly recovered, that on the eighth day of October, 1877, an execution was duly issued thereon and placed in the hands of a deputy sheriff in and for said county, who thereafterwards, on the twentieth day of said October, by virtue of said execution took and proceeded to sell and did after due notice sell at auction, all the right in equity which the said Stearns had to redeem the homestead farm and buildings thereon, situated in Bethel, in said county, from two mortgages, to wit: one mortgage, given by said Stearns to R. A. Chapman to secure the sum of $600 and interest thereon, and another mortgage given by said Stearns to William Brown to secure the sum of $467.66 and interest thereon ; that the said deputy sheriff sold to the plaintiff the said Stearns' right to redeem said homestead farm from both of said mortgages at one sale at the same time and place and for one gross sum, to wit: the sum of $267.40, from which he deducted the sum of $16.24 charges and fees for said sale, and applied the balance of $251.23 in part satisfaction of said execution, and made due return thereof; that thereafterwards on December 15, 1877, the said deputy sheriff made and executed to the purchaser of said right, so as aforesaid sold, a deed thereof which was duly recorded.

If the action is maintainable, and if the sale was void, for the reason that the right in equity of redeeming from both mortgages was sold at one sale, at the same time and place and for one gross sum, then the plaintiff is to have an *alias* execution for the original amount of the judgment, and interest from the date of said judgment; otherwise judgment to be rendered for the defendant.

*R. A. Frye,* for the plaintiff.

*D. Hammons,* for the defendant.

BARROWS, J. If, on account of a mistake in the mode. of proceeding, no interest in the land passed by the sale of the defendant's equity of redemption upon execution, the return of satisfaction by the officer thereon ought not to stand, for the judgment is not in reality satisfied.

The debtor loses and the creditor gains no rights by virtue of the erroneous proceedings, and the creditor's remedy is by a writ of *scire facias* at common law to obtain a new execution on his judgment. *Pillsbury* v. *Smyth,* 25 Maine, 427, and cases there cited. The right of the plaintiff to revive his judgment is unquestionable if it be true that the seizure and sale of all the right in equity which the defendant had to redeem his homestead farm from two mortgages successively given by the defendant on the same property were void because said right of redeeming from both mortgages was sold at one sale at the same time and place and for one gross sum.

That a joint sale for a gross sum of two or more rights in equity of redeeming several parcels of land from several mortgages will be void although the tracts covered by the several mortgages are *in part* the same, was held by this court in *Smith* v. *Dow,* 51 Maine, 21. But the reporter's note in that case to the effect that the same rule applies "whether other pieces are included in the mortgages or not" is not warranted by anything in the case; and it still remains an open question whether the right in equity which remains in a debtor to redeem the same parcel of land subjected by him to successive mortgages must necessarily be regarded and treated when the same comes to be sold on execution against him as if there were as many distinct equities of redemption as there are mortgages.

The question is not free from difficulty, and the right of creditors to sell upon execution their debtors' right of redemption in mortgaged real estate, and the interests acquired by purchasers at such sales, are liable to be seriously affected, whatever the answer. Perhaps the most satisfactory solution may be reached by an examination of the reasons which are given for holding that a joint sale of two entirely distinct equities for a gross sum is invalid.

In *Stone* v. *Bartlett,* 46 Maine, 438; *Smith* v. *Dow,* 51 Maine, 21, and *True* v. *Emery,* 67 Maine, 31, where the doctrine of the invalidity of a sale upon execution for a gross sum of two or more rights in equity in several parcels of land arising under several mortgages is asserted or recognized, the

case of *Fletcher* v. *Stone*, 3 Pick. 250, is referred to as authority for it. The reasons assigned in the above named cases for holding this doctrine are that a joint sale for a gross sum is inconsistent with the exercise of the debtor's right to redeem any one parcel from the sale without redeeming the others ; that the statute does not authorize the sale of numerous equities for one sum, and that as the equities are several the sales must be several; that the sum likely to be realized for the equities when sold together would be less than it would be from separate sales and hence a joint sale is prejudicial to both the debtor and creditor. The reasons are good and sufficient, and if the right which a debtor has to redeem from several mortgages of the same parcel of property really constitutes as many equities of redemption in him as there are mortgages, it is clear they should be separately sold. But every successive mortgage of the same parcel of real estate conveys from the mortgagor the right which he before had, subject to the right of redemption thereby created, so that, let the number of mortgages be what it may, the only substantial existing right in equity which the debtor *has* is the right to redeem from the last of the series and (upon the exercise of that right) from the next, under the right to which he is restored by the act of redeeming it from the incumbrance which he had imposed upon it, and so on in their order, to the first. The right to redeem is distinct from the duty to pay. The payment of no mortgage in the series except the last by the owner of the equity can confer any right to redeem the prior incumbrances. He who holds by purchase from such owner the right to redeem from the latest incumbrance may acquire the whole estate. But the purchaser of the right to redeem from any other mortgage in the series might not—would not, if the holders of the subsequent mortgages asserted their rights. The successive equities are not absolutely distinct, but depend upon each other like the links in a chain. So far as the debtor is concerned, a sale of the right to redeem from the latest valid outstanding mortgage carries with it all prior equities, and, if such sale is made specifically to include the others, it adds nothing to the value of the estate which passes from him, while he certainly (however it might be with other

attaching creditors of his) is estopped to deny the validity of his own deeds.

That the existence of prior mortgages and the apparent incumbrance thereby created should be made known at the sale, is necessary to prevent the purchaser from being defrauded. The seller however may or may not sell subject to them. If he does, the purchaser is precluded from disputing their existence and validity. *Russell* v. *Dudley*, 3 Met. 147. In this case, SHAW, C. J., remarks as follows ; "The purchase money must be understood to be the value of the estate over and above the sum for which it is mortgaged. If he (the purchaser) could afterwards avoid the mortgage and hold the whole estate he might get it for a very inadequate consideration ; he would get what the officer never intended to sell, to the manifest injury of the debtor and perhaps of the creditor."

It is necessary then in such cases by proper notice and reservation to make the sale subject only to such valid and outstanding mortgages as will exhibit the actual right of the debtor in the estate, if the creditor would give the purchaser a right to contest either of the mortgages, and to redeem and hold the estate by paying such of them only as are valid and just.

On the other hand one creditor cannot by attaching an equity of redemption and thereby recognizing the mortgage as valid deprive others of the right to treat it as void and to seize the land itself. *Bullard* v. *Hinkley*, 6 Maine, 289. If the mortgage debt is paid before the right of redemption is taken, there being no mortgage subsisting, nothing passes by the sale. *Brown* v. *Snell*, 46 Maine, 490.

Upon the whole the position of a creditor attaching an equity of redemption seems to be this : he must at his peril ascertain what is the latest valid outstanding incumbrance by way of mortgage upon the land and, in seizing that, he seizes all the proper right in equity of redemption in that parcel of land which the debtor has. If he would save the right to contest any of the apparent mortgages he must, by proper reservation in his notices and at the sale avoid any admission of their validity. In so doing he must be held to warrant the estate to the purchaser as against.

them. If he sells the debtor's right subject to all the apparent mortgages the debtor cannot complain, and if either of them is a valid outstanding incumbrance the debtor's estate passes, and the purchaser may redeem, both being estopped to dispute the validity of any of the mortgages.

It is plain that in order to make the debtor's right available for the payment of the debt to its full value it is necessary that the creditor before undertaking to sell should have accurate and reliable information as to the validity of the various mortgages, if there is more than one, and as to the amount due upon them. But in the doctrines established by the decided cases we nowhere find the court has recognized more than one right in equity of redemption in one and the same parcel of land capable of being seized on execution as the property of the debtor, and that is the right arising under the latest valid subsisting mortgage, which right draws after it all the rest.

Thus in *Milliken* v. *Bailey*, 61 Maine, 317, the purchaser of a debtor's equity in land subject to two mortgages at a sale made without reference to the second apparent mortgage or any admission of its validity, was permitted at his own peril to redeem the first and contest the second. But it was solely upon his ability successfully to resist the second that his right to hold the estate was made to depend. If he was able to establish the invalidity of the second mortgage he took all the debtor's right of redeeming from the first. As the court say in *Thompson* v. *Chandler*, 7 Maine, 382; "after each successive incumbrance there still remains in the mortgagor a right to redeem upon the payment of all the mortgages created; this right a creditor may seize and sell and this sale is a statute conveyance from the mortgagor to the purchaser."

This remark is predicated upon the assumption that all the successive mortgages are valid and subsisting. Where confusion and controversy have arisen it has generally been from failure to discriminate between real and merely apparent mortgages. Upon the whole we conclude that the debtor's right of redemption of the same property from all valid successive mortgages must be

regarded for the purpose of seizure and sale upon execution as substantially a unit.

It is not perceived how independent sales of the rights under successive mortgages could be made to subserve any good and legitimate purpose for the benefit of either debtor or creditor.

Thus the reasons assigned for requiring separate sales where the mortgaged property is in whole or in part not identical do not apply. The case does not show that Bartlett did not acquire all the debtor's actual right of redemption in the mortgaged property.

*Judgment for respondent.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.