## BROOKS *vs.* TODD.

1. Where an owner of land made a deed thereto to secure a debt which bore usurious interest, and subsequently made a mortgage to another person, which contained an express condition that it was to be a second mortgage to the claim of the former grantee or at least subject to the grantee's rights and claims, the mortgage was subject not merely to the deed as a security, but to whatever rights and claims the grantee therein might have, which included the right to be paid the money advanced by him and the interest thereon. Therefore, in a proceeding to distribute a fund arising from the sale of the land, the mortgagee could not take the fund in preference to the grantee on the ground that the deed was tainted with usury and void.

2. While, as an abstract rule of law, the plea of usury is a personal

one which can be set up by the debtor only, yet where the debtor is insolvent and there is a fund in court to be distributed, equity will allow one creditor to suggest usury as to the claim of another, and compel the usurious creditor to write off the usury and receive only the principal and legal interest. Where the fund was not sufficient to pay both the grantee in the deed and the mortgagee, the interest of the latter was affected by the usurious contract, and to the extent of that interest he would be entitled to be heard in relation to it.

December 3, 1887.

Interest and Usury.   Debtor and Creditor.   Deeds. Mortgages.   Equity.   Before Judge WELLBORN.   Hall Superior Court.   February Term, 1887.

Reported in the decision.

J. B. ESTES; CLAUD ESTES, for plaintiff in error, cited 75 *Ga.* 159, 837; 62 *Id.* 87; 66 *Id.* 398, 591; 63 *Id.* 377, 623, 55; 55 *Id.* 414, 363, 622; 72 *Id.* 1, 863; 58 *Id.* 158; 59 *Id.* 355, 546; 61 *Id.* 177; 49 *Id.* 45, 50, 55; 41 *Id.* 315; 54 *Id.* 447; 46 *Id.* 202; 36 *Id.* 544; 32 Am. R. 749; 22 *Id.* 287; 21 W. Va. 108.

HALL & HAMMOND; F. M. JOHNSON, for defendant, cited Code, §2057(f); 55 *Ga.* 412, 556; 66 *Id.* 398; 71 *Id.* 703; 75 *Id.* 159, 837; 63 *Id.* 56; 59 *Id.* 355; 72 *Id.* 1; 46 *Id.* 101; 54 *Id.* 584; Herm. Est. ch. 9, p. 251, §§235, 239, 247; 18 N. H. 613; 1 Or. 220; 8 Cow. 543; Bish. Cont. §§613-615; 3 Wash. Real Prop. 93; 3 Field's L. Br. 204; 17 Wis. 255; 15 *Id.* 424, 440; Best. Ev. §542, note, p. 930; 5 Jones (N. C.) L. 63; 41 N. Y. 438; 14 Adol. and El. 787; 5 Exch. 557.

SIMMONS, Justice.

Mrs. Mary A. Tuggle and Mrs. M. E. Awtry were joint owners of a certain tract of land in Hall county. Mrs. Tuggle filed a bill against Mrs. Awtry and others for partition. The court below appointed a receiver. He sold

the land and brought the fund into court. It was conceded by all parties that Mrs. Tuggle was entitled to half of the net fund in the hands of the receiver, and the court ordered it paid over to her accordingly. The contest arose over the disposition of the fund belonging to Mrs. Awtry. She made no claim to the fund herself, but the contest was between William H. Todd and Lemuel Brooks, two parties who are defendants to said bill, and both creditors of Mrs. Awtry, who were called upon by the pleadings in the case to interplead and set out their respective claims to the fund belonging to Mrs. Awtry.

Each of said parties claimed the fund to the exclusion of the other. Lemuel Brooks claimed under a deed given to him by Mrs. Awtry to a half interest in the land to se-cure a debt. Todd claimed under a mortgage given him by Mrs. Awtry on the same interest in the land. The debts of Todd and Brooks were usurious. Todd claimed that Brooks' deed, being tainted with usury, was void, and therefore he could not be entitled to participate in the fund. Brooks contended that the plea of usury was a per-sonal one to Mrs. Awtry, and that, as Mrs. Awtry had not pleaded usury, Todd could not plead it for her; Brooks also contended that Mrs. Awtry, in giving Todd his mort-gage, contracted with Todd that he was to receive it as a " second mortgage to the claim of Lemuel Brooks, or at least subject to his rights and claims."

The case was tried before the judge without the inter-vention of a jury, and he held that Brooks's deed, being tainted with usury, was void, and ordered the money paid to Todd. Brooks excepted, and assigns error thereon.

1. We think the court erred in holding that Todd was entitled to the money because there was usury in the debt which Brooks's deed was given to secure. We do not think, under the facts of this case, that he could take advantage of this taint in Brooks's deed, so far at least as the principal and legal interest is concerned. When he accepted his mortgage from Mrs. Awtry, he accepted it on

the express condition recited therein, that it was to be a " second mortgage to the claim of Brooks, or at least subject to Brooks's rights and claims." It was not subject to Brooks's deed as a security, but it was subject to Brooks's rights and claims, whatever these rights and claims might be. What were Brooks's rights and claims? His right was to be paid the money that he had advanced to Mrs. Awtry. His claim was for the amount of money so advanced; and it is no concern of Todd whether this amount bore legal or illegal interest. He received his mortgage on the condition, that it was to be subject to whatever rights and claims Brooks had. Mrs. Awtry had a right to pay twelve per cent. interest instead of seven if she chose to do so; and she had a right to make Todd a mortgage subject to whatever claim she recognized in Brooks. Having done so, and Todd having accepted his mortgage upon these conditions, we think he is bound thereby. See cases somewhat analagous to this: 56 *Ga.* 359; 25 *Ga.* 316; 98 Mass. 305.

2. It was contended by counsel for Brooks that the plea of usury was a personal plea, and that as long as Mrs. Awtry had not pleaded it, Todd could not do it for her. We recognize that to be the abstract rule of law; but where the debtor is insolvent and there is a fund in court to be distributed, equity will allow one creditor to suggest usury as to another creditor, and if the debtor is insolvent, will compel the usurious creditor to write off his usury and only receive his principal and legal interest. In this case, Todd having an interest in the fund and the fund not being enough to pay both, Todd's interest is affected by the usurious contract, and to the extent of that interest he is entitled to be heard in relation to it. If Mrs. Awtry is insolvent, as said before, Todd has an interest in this fund, " so far as the payment of his debt is concerned, and is not, therefore, an officious interloper." *Pope vs. Solomons et al.* 36 *Ga.* 541. We hold, therefore, that if Mrs. Awtry is insol-

vent, Todd has the right in equity to show to the court the usury in Brooks's debt, and to compel him to receive only his principal and legal interest.

Judgment reversed.