CHARLES E. O'NEIL, trustee, *vs.* INTERNATIONAL TRUST COMPANY.

Suffolk. January 16, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bankruptcy*, Rights of trustee. *Waiver*.

A trustee in bankruptcy, who petitions for leave to sell real estate of the bankrupt, which is subject to a mortgage, and who sells the equity and gives a deed of it treating the mortgage as valid, has waived any right he otherwise might have had to set aside the mortgage as a fraudulent preference.

CONTRACT, by a trustee in bankruptcy, for $8,123 alleged to have been received by the defendant, as mortgagee under a

mortgage made by the bankrupt about three months before the commencement of the proceedings in bankruptcy and alleged to have been a fraudulent preference under § 60, cls. *a, b,* of the bankruptcy act.    Writ dated May 14, 1901.

The case was tried before *Loring,* J., without a jury.    The justice made a finding of facts, the substance of which is stated by the court.    Upon these facts the justice ruled that, even assuming that the mortgage to the defendant was a preference, and that its value could be recovered in this form of action, the sale and conveyance of the property by the plaintiff under the circumstances of this case were a bar to the maintenance of the action, and found for the defendant.    At the request of the plaintiff the justice reported the case for determination by the full court.

*H. V. Cunningham,* for the plaintiff.

*R. M. Morse & W. P. Winch,* for the defendant.

KNOWLTON, C. J.    The plaintiff is the trustee in bankruptcy of one Twombly, and he brings this suit against the holder of a second mortgage on real estate of said Twombly, made about three months before the commencement of the proceedings in bankruptcy.    The plaintiff contends that the mortgage was a fraudulent preference of the mortgagee, and he seeks to recover the value of the benefits received by the holder under the mortgage.

The bankrupt, in his schedule of property, stated that the tract of land was subject to a first mortgage of $50,000, and a second mortgage of $8,000, which is the one now in question.    He also stated that the validity of this mortgage was in dispute.    The value of the equity above these two mortgages was subsequently fixed by appraisers at $2,979.27. The mortgagee, having entered to foreclose under the first mortgage for a default in making the payments due, the plaintiff filed a petition for leave to sell the estate, averring that the estimated value above incumbrances thereon, according to the appraisers' report, was $2,979.27.    On this petition there was an order of sale of the equity, and a sale was made to Mr. Hellier for $3,000, which was paid to the plaintiff.    The deed from the plaintiff describes the land as subject to a first mortgage of $50,000, and to this second mortgage of $8,000.    Sub-

sequently a contract was made between Mr. Hellier, one Phoebe J. Twombly, who furnished the $3,000 paid for the equity, and the defendant, whereby Mr. Hellier agreed to convey the property to said Twombly on demand, and the rate of interest was fixed at four per cent on the defendant's mortgage debt, and on an additional sum of about $3,000 which the defendant had paid to the first mortgagee to prevent a foreclosure. The question presented by this report is whether the plaintiff, by his part in these proceedings, waived his right to treat the defendant's mortgage as invalid.

It is decided that an assignee in insolvency, under a statute similar to the present bankrupt act, has his election to set aside a conveyance which is supposed to be an unlawful preference, or to affirm it. In *Snow* v. *Lang*, 2 Allen, 18, and *Hazelton* v. *Allen*, 3 Allen, 114, it was held that an assignee in insolvency had waived his right to avoid a fraudulent conveyance by proceedings to settle the estate as if it were valid. In *Freeland* v. *Freeland*, 102 Mass. 475, the court says : "The validity or invalidity of a mortgage disputed on the ground of fraud affects the value of the property to be distributed among all the creditors, as well as the right of the mortgagee to prove his debt in insolvency. The assignee must therefore make his election before selling his interest in mortgaged real estate. He may either treat the mortgage as valid, and sell the equity of redemption only, subject to the mortgage ; or he may elect to avoid the mortgage, and sell the whole title in the land."

We are of opinion that the conduct of the trustee in treating this mortgage as valid in his petition for leave to sell the real estate, and in the sale, and in the deed made afterwards, was an election not to attempt to avoid the mortgage, and a waiver of his legal right to proceed against the mortgagee to set the mortgage aside. The trustee alone has a right to avoid such a conveyance, and it is for him to say whether he will elect to avoid it or leave it in force. The price paid by the purchaser for this land presumably was given for an equity of redemption from this mortgage, treating it as valid. If it had been understood that the mortgage was invalid and was avoided by the trustee, a much larger price might have been obtained.

The purchaser subsequently made a contract on the supposi-

tion that this mortgage was legal. On the authority of the cases cited, and upon principles of policy, we are of opinion that the plaintiff has waived his right to bring this suit.

We do not consider the question whether, apart from the waiver, an action in this form can be maintained.

*Judgment on the finding.*