### CHARLES HOWARD & ɔthers *vs.* SILAS E. CHASE.

A , having given a mortgage of goods to B. which provided that if A. should attempt to sell them B. might take immediate possession, made, and delivered simultaneously, three mortgages of them, to C., D. and E. severally, each containing a clause that " this mortgage is of the same date, given at the same time, and to be recorded with " the two others, " all of which are alike in time, and neither is to have precedence of the other, but to be alike security to each," and each expressed ᵗᵉ ᵇe subiect to B.'s mortgage. *Held,*

Howard *v.* Chase.

1. that C., D. and E. took title under these mortgages as tenants in common, and **might join** in one action for a conversion of the goods; 2. that the title which they took was in the right of A. to redeem the goods from B.'s mortgage, and hence they were estopped by the Gen. Sts. c. 151, § 1, to contest its validity on the ground of an omission to record it; and 3. that the execution of their mortgages gave B. a right to take possession of the goods, and to maintain possession against them in the absence of any payment or tender of the amount due on his mortgage.

Tort by Charles Howard, William Leavitt and Jacob Gross, for the conversion of the tools and fixtures of a machine shop.

At the trial in the superior court, before *Lord,* J., the plaintiffs claimed title to the property under three mortgages thereof made to them severally by the firm of Thomas Leavitt & Company, one of the partners in which lived in Malden; and the defendant justified, under a prior mortgage of the property to himself from that firm, his alleged acts of conversion of it, and his refusal to comply with a demand of the plaintiffs for its surrender to them. The other material facts are stated in the opinion.

With the consent of the parties, the judge withdrew the case from the jury and reported it for the determination of these questions: 1. Whether the plaintiffs could thus unite in one action. 2. Whether their mortgages had precedence of the defendant's mortgage. 3. If not, then whether the action could proceed without a tender to the defendant of the amount due on his mortgage. 4. Whether it was material that there should have been a breach of the condition of the defendant's mortgage. If the court " should be of opinion that the plaintiffs are entitled to maintain the action, then the case is to be remitted to the superior court to determine the validity of the plaintiffs' mortgages, and the value of the property demanded from the defendant, or of such part thereof as is not covered by the defendant's mortgage; if the mortgage of the defendant should have priority over those of the plaintiffs; and if the question of there being an existing breach of condition of mortgage at the time of the defendant's foreclosure of his mortgage is found to be material, then that the jury may decide that question also."

*G. H. Gordon,* for the plaintiffs.

*S. C. Darling,* for the defendant.

MORTON, J.   This case comes before us upon a report under the St. of 1869, *c.* 438.   We can consider only the questio..s of law raised in the report.

1.  The first question is, whether the plaintiffs can unite in this action.   The three mortgages to the plaintiffs are of the same date, were delivered simultaneously, and each contains the provision that " this mortgage is of the same date, given at the same time, and to be recorded with " the two other mortgages, " all of which are alike in time, and neither is to have precedence of the other, but to be alike security to each."   We cannot doubt that the rights of the mortgagees are the same as if they had been made parties to one mortgage, to secure to each his separate debt, and that the three mortgages are to be treated as substantially one conveyance.   This being so, the plaintiffs were tenants in common of the property conveyed by the mortgages.   *Hubby* v. *Hubby*, 5 Cush. 516.   *Burnett* v. *Pratt*, 22 Pick. 556.   As such tenants in common, they may join in an action of tort for the conversion of the property.   *Phillips* v. *Cummings*, 11 Cush. 469.   *Gilmore* v. *Wilbur*, 12 Pick. 120. *Sherman* v. *Fall River Iron Works Co.* 5 Allen, 213.

2.  The second question is, whether the mortgages of the plaintiffs have precedence over the previous mortgage given to Chase, the defendant.   The plaintiffs claim that, as the mortgage to Chase was not, at the date of their mortgages, recorded in Malden, where one of the mortgagors resided, it is invalid as to them.   This would be true, if the plaintiffs had taken a conveyance of the property itself, although they had notice of the prior unrecorded mortgage to Chase.   *Bingham* v. *Jordan*, 1 Allen, 373.   *Travis* v. *Bishop*, 13 Met. 304.   But the mortgages to the plaintiffs, reasonably construed, are conveyances to them, not of the property, but merely of the right which the mortgagors had to redeem it from the Chase mortgage.   Each of the mortgages contains the provision that the property is " subject to a mortgage to Silas E. Chase for about $10,000 ; " and it is admitted that the parties understood the mortgage, referred to in this clause, to be the same mortgage under which the defendant claims in this action.   The Chase mortgage, though not

duly recorded, was valid against the mortgagors. They could not, without a fraud upon him, convey anything more than the equity of redemption. It seems to us clear that by the mortgages to the plaintiffs the mortgagors did not intend to convey, and that the plaintiffs did not understand that they were purchasing, the property itself, but merely the right to redeem. The legal effect of the conveyances is the same as if they had been, in terms, of the right of the mortgagors to redeem the Chase mortgage. Such construction carries out the clear intentions of the parties. This being so, the plaintiffs take no greater rights than the mortgagors had, and therefore cannot deny the validity of the Chase mortgage. They stand in the place of the mortgagors, having the same rights, and thus come within the exception of the statute which provides that unrecorded mortgages " shall not be valid against any person other than the parties thereto." Gen. Sts. *c.* 151, § 1. *Tuite* v. *Stevens*, 98 Mass. 305. *Green* v. *Kemp*, 13 Mass. 515. We are of opinion, therefore, that the mortgages to the plaintiffs do not take precedence of the mortgage to the defendant.

3. The third question is, whether the plaintiffs can maintain this action, having made no tender to Chase of the amount due on his mortgage. It is clear that the plaintiffs cannot maintain this action for the conversion of the property included in the Chase mortgage. The mortgage to Chase provides that, if the mortgagors shall attempt to sell the property, or any part thereof, or remove any part thereof, without the written assent of the mortgagee, he may take immediate possession of the property. Under this provision, the sale to the plaintiffs gave the defendant the right to take possession; and it follows that the plaintiffs had no right of possession which would enable them to maintain this action without a payment or tender of the amount due the defendant. But the plaintiffs claim that the defendant took possession of certain goods included in their mortgages, but which were not included in his mortgage. If this be so, his taking of such goods was unlawful, and they can maintain this action to recover the value thereof

4. As the defendant was rightfully in possession of the mortgaged property, as stated above, it is immaterial whether there was any other breach of the condition of his mortgage.

According to the terms of the report, the case must be tried in the superior court, to determine the validity of the plaintiffs' mortgages, and the value of the property, if any, taken by the defendant, which was not covered by his mortgage.

*Case to stand for trial.*