RUFUS A. JOHNSON *vs.* WILLIAM C. THOMPSON & others.

Suffolk. March 17. — Sept. 11, 1880. AMES & LORD, JJ., absent.

A grantee of land is estopped to deny the validity of a mortgage to which his deed recites that the conveyance to him is subject.

A plaintiff in a bill in equity to redeem land from a mortgage, who conveys his interest in the land *pendente lite*, is not entitled to a decree.

BILL IN EQUITY, filed January 6, 1876, against William C. Thompson, William A. Bacheller and Samuel Atherton, alleging that the plaintiff was the owner of certain parcels of land in Revere; that, in 1872, the former owner of the land mortgaged it for $5000 to Lyman B. Frazier, who subsequently assigned one undivided half of his interest in the mortgage and note secured thereby to the defendant Bacheller, who subsequently got possession of the mortgage and note, and discharged the mortgage and cancelled the signature on the note, without the knowledge of Frazier; that, after this, the defendant Thompson took a new mortgage upon the land for $5000, and, for default of payment in the interest, had advertised the land for sale, under a power contained in his mortgage; that the defendant Atherton, the

assignee in bankruptcy of Frazier, contends that Bacheller had no right to discharge the whole of the mortgage to Frazier, and that he has a lien on the land for one half the mortgage debt; that the plaintiff contends that the whole incumbrance upon the estate is but $5000, and he is willing to pay that sum to the person entitled to it.

The prayer of the bill was that Thompson be restrained by injunction from proceeding with the sale; and that the court should determine the conflicting claims of the parties, and to whom the plaintiff should pay the amount found to be due.

Thompson alone appeared, and filed an answer, averring that Bacheller had authority to cancel and discharge the mortgage to Frazier; and that the defendant's mortgage was a valid lien on the land.

The case was referred to a master, who reported the following facts: On January 1, 1875, the plaintiff purchased the land in question subject to four mortgages: one to Elijah A. Shaw, for $3000, then held by Augustus N. Loring; one to Charles A. Whiting, for $1500; one to William Sanborn, for $800; and one to the defendant Thompson, for $5000, dated November 20, 1874. On August 6, 1872, the then owner of the land mortgaged it to Lyman B. Frazier, for $5000; and on December 28, 1872, Frazier assigned one undivided half of the mortgage and note secured thereby to the defendant Bacheller. In 1874, Frazier became a bankrupt, and the defendant Atherton was appointed his assignee. After this, Bacheller, who knew of the bankruptcy, took from Frazier's safe, without his knowledge, the mortgage and note, and on November 19, 1874, having received payment in full of the note, executed a discharge of the mortgage, and cancelled the signature on the note, and still retains the money. On January 5, 1875, the plaintiff conveyed one undivided half of the land to Charles L. Heywood. On March 6, 1876, Atherton, as assignee in bankruptcy of Frazier, assigned to the plaintiff all his right, title and interest as assignee in the mortgage to Frazier. On March 17, 1876, the plaintiff, having purchased the mortgages to Whiting and Sanborn, conveyed his remaining interest in the land to Heywood, who also was the purchaser under a sale made in pursuance of a power of sale contained in the mortgage to Loring.

The case was then heard by *Ames*, J., who ordered a decree to be entered dismissing the bill as to Thompson; and the plaintiff appealed to the full court.

*E. Avery & G. M. Hobbs*, for the plaintiff.

*J. Fox*, (*C. Allen* with him,) for Thompson.

SOULE, J. It is a settled principle of law that a grantee is estopped to deny the validity of any mortgage to which his deed recites that the conveyance to him is subject. *Tuite* v. *Stevens*, 98 Mass. 305. *Howard* v. *Chase*, 104 Mass. 249. We find nothing in the facts of the case at bar which takes it out of the operation of this rule. The plaintiff took his title to the land described in his bill subject to the mortgage to the defendant Thompson. For this mortgage Thompson paid the amount which it purports to secure. It does not appear that he had any knowledge of the transactions by means of which the Frazier mortgage was discharged of record. And there is nothing in the case to indicate that his rights under his mortgage would be in any way affected if he had been informed of those transactions. On the facts existing when the bill was filed, the plaintiff was not entitled to any relief against Thompson, whose right it was to proceed to execute the power of sale in his mortgage, by reason of default in the payment of the interest due, except that he was entitled to redeem the premises from the mortgage by paying the amount of principal and interest due under it. This right to redeem the plaintiff parted with when he conveyed his remaining interest in the land to Heywood. After that conveyance was made, he had no further interest in the mortgage held by Thompson, as it did not secure his obligation, nor in any of the questions which the bill was intended to settle. The decree dismissing the bill was therefore the proper one, and must be     *Affirmed, with costs.*