A. G. CORRE HOTEL CO. v. WELLS–FARGO CO.

(Circuit Court of Appeals, Sixth Circuit. March 25, 1904.)

No. 1,253.

1. LEASES—RENEWAL—COVENANTS—ESTOPPEL.

Complainant rented a storeroom, which constituted a part of a hotel, under a lease containing an option for renewal. Thereafter the entire hotel was leased to defendant, under a lease which expressly provided that it was subject to the existing lease on the store; the tenant attorning and paying rent to become due for the same to defendant, its successors and assigns. Complainant's lease was filed for record 4½ months after defendant's lease of the hotel was recorded, and defendant, without making any inquiry as to the covenants in complainant's lease, or examining the record, continued to accept rent from complainant for more than a year after complainant's lease was recorded. *Held*, that the clause in defendant's lease of the hotel, referring to complainant's lease, was a limitation of defendant's grant, and the estoppel created by such clause,

and confirmed by defendant's conduct in accepting rent from complainant after record of its lease, precluded defendant from denying complainant's right to exercise its option to renew.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

E. W. Strong and James J. Muir, for appellant.
C. B. Matthews, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The case grows out of the following facts: On December 2, 1896, the owners of the Gibson House Block, in Cincinnati, made a written lease of the storeroom and basement at No. 415 Walnut street, in said block, to the Wells-Fargo Company, the appellee, from January 1, 1897, to April 1, 1902, at a rental (payable monthly) of $1,900 per annum, until April 1, 1898, and thereafter at $2,000 per annum, until the completion of the term. The lease contained the following covenant:

"And it is further covenanted and agreed between the parties aforesaid that the party of the second part shall have the privilege of renewing this lease for an additional term of five years at $2,000 per annum."

This lease was duly acknowledged by the parties in December, 1896, but not recorded until January 29, 1901. The appellee took possession of the leased premises on January 1, 1897, and has been in possession continuously ever since, paying the rent at first to the owners of the premises, and afterwards to the appellant, the A. G. Corre Hotel Company. In 1900 the appellant entered into negotiations with the owners of the Gibson House Block, through their attorney, Mr. Paxton, for a lease of the block. At this time, in addition to the lease held by the appellee, there was outstanding a lease for another storeroom in the Gibson House Block, on Walnut street, to the Atchison, Topeka & Santa Fé Railroad Company. Mr. Paxton testified that he wanted at first to except from the lease to the hotel company these two existing leases, retaining them for the estate; but the hotel company insisted on having the entire block, so the rental to be paid by it was increased by the amount of rental provided in these two leases. When he came to dictate the final proposition, the question of the existing leases came up. He made a search for them, but failed to find them. He knew that tenants were in possession, paying rent, and assumed they were there under some sort of leases, but did not know the terms. So, as he explained, in order to protect the Gibson heirs and avoid the necessity of a postponement to ascertain the precise terms of these leases, the following clause was inserted into the proposition (which was accepted) and the lease:

"This lease is subject, however, to the existing leases upon two stores front on Walnut street; the tenants therein attorning and paying the rents to become due for said two stores to the lessee, its successors and assigns."

The lease to the appellant (containing the above clause) was dated July 2, 1900, and provided for a lease for the term of 10 years and 6 months, beginning July 1, 1900, and ending January 1, 1911, at a rental of $32,000 per annum, payable in monthly installments, with the

privilege to the lessee of an additional term of 10 years, at a rental of $39,000 per annum. This lease was duly acknowledged, and was recorded on September 11, 1900, 4½ months before the appellee's lease was left for record. The appellant entered into possession of the Gibson House Block on July 1, 1900, and thereafter collected from the appellee the monthly rental on its lease for the storeroom on Walnut street; the latter attorning to the former and paying its rent in accordance with the clause in the former's lease. On January 29, 1901, the appellee's lease was left for record, and thereafter, until April 1, 1902, the appellant continued to recognize the appellee as lessee, collecting the rent regularly as before.

On or about March 1, 1902, the appellee notified the appellant and the owners of the Gibson House Block of its election to renew its lease for the further term of 5 years in accordance with the clause quoted, whereupon the appellant repudiated the appellee's lease, claiming it had no knowledge of its contents, and that, not being recorded at the time its own lease was acknowledged and placed on record, the appellee's lease was fraudulent as to it. Possession of the premises being demanded and refused, the appellant brought an action in ejectment against the appellee, and the latter, having no defense except an equitable claim to a renewal of the lease, recovered a judgment. Thereupon this suit was brought by the appellee to compel the execution of a lease for the further term of 5 years, and to enjoin the appellant from enforcing the judgment in the ejection suit. The court below rendered a decree as prayed for, from which an appeal has been taken.

The appellant relies upon section 4134 of the Revised Statutes of Ohio of 1892, which provides:

"All other deeds and instruments of writing for the conveyance or incumbrance of any lands * * * shall be recorded, * * * and until so recorded or filed for record, the same shall be deemed fraudulent, so far as it relates to a subsequent bona fide purchaser having at the time of purchase no knowledge of the existence of such former deed or instrument."

Counsel have discussed the question whether, in view of the open, continuous, and notorious possession by the appellee of the storeroom, and of the clause in appellant's lease reciting the existence of the appellee's lease, the appellant was, within the meaning of the statute, a subsequent bona fide purchaser, having at the time of purchase no knowledge of the existence of the appellee's lease. We prefer, however, to place our decision, not upon the knowledge of the appellee's lease, brought home to the appellant through open possession and the recital referred to, but upon the fact that the conveyance or lease to the appellant was by express terms made subject to the existing lease to the appellee. The clause operated as a limitation of the grant. There was no conveyance of the storeroom occupied by the appellee, except subject to its lease. So long as its lease should exist, the appellee was to attorn and pay rent to the appellant, and the extent of the conveyance was the substitution of the appellant for the Gibson heirs as landlord.

Paraphrasing the language of the Supreme Court of Ohio in Coe v. R. R. Co., 10 Ohio St. 372, 406, 75 Am. Dec. 518, it was not in-

tended by the statute relied on to give to any lease, upon the ground of its prior record, an effect forbidden by the very terms of the lease itself. The appellant's lease is expressly made subject to the lease of the appellee, and according to the clear intent of the parties, expressed upon its face, can only operate subject to the terms of the lease to the appellee. The existence of the lease to the appellee, and, therefore, the rights under it, having been expressly recognized in the lease to the appellant, the appellant is estopped from questioning its validity. Wagner v. R. R. Co., 22 Ohio St. 563, 581, 10 Am. Rep. 770. See, also, Bercaw v. Cockerill, 20 Ohio St. 166; Bundy v. Iron Co., 38 Ohio St. 300; Westervelt v. Wyckoff, 32 N. J. Eq. 188; George v. Kent, 7 Allen, 16; Tuite v. Stevens, 98 Mass. 305; Howard v. Chase, 104 Mass. 249; Johnson v. Thompson, 129 Mass. 398.

The estoppel thus created by the clause of the lease was confirmed by the conduct of the lessee, the appellant. Having accepted a lease made in terms subject to that of the appellee, it never inquired of the appellee as to the contents or terms of its lease, but entered into possession and at once began to collect rent under it. The collection of this rent was not the making of a new lease, but an affirmative recognition of the existing one. The presumption was that the appellant had informed itself of the contents and terms of the lease when it proceeded to collect the rent. It could not expect to collect the rent without complying with the contract in all its terms. From July 1, 1900, until April 1, 1902, the appellant continued to collect rent from the appellee; 14 months of this time being after the appellee's lease had been placed on record, and when the appellant was fully advised of the provision giving the appellee the option to renew the lease for five years more.

We think the appellant was bound to inform itself of the terms of the appellee's lease, for it had accepted a lease expressly made subject to the appellee's, and, therefore, subject to its terms, whatever they might be; but, if there be doubt about this, the appellant was informed, when the appellee put its lease on record in January, 1901, of its precise terms, including the renewal clause, and could not go on collecting rent after that time for 14 months, without recognizing the validity of the lease in all its terms, and without estopping itself from refusing, as landlord, to comply with the renewal clause.

The judgment is affirmed.