ISRAEL NESSON *vs.* JOSEPH MILLEN.

SAME *vs.* SAME.

Suffolk.    March 29, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Bills and Notes,* Indorser.

In an action by the payee of a promissory note secured by a mortgage on real estate, against the indorser of the note before delivery, for a balance alleged to be due on the note after a foreclosure sale of the real estate, the facts, that the defendant paid interest on the note and collected the rents of the mortgaged property before the foreclosure sale, do not preclude him from establishing the defense that he indorsed the note for the plaintiff's accommodation and without consideration.

TWO ACTIONS OF CONTRACT, each upon a mortgage note, dated September 23, 1902, payable to the plaintiff or order and indorsed by the defendant before delivery, the declarations alleging that each note was secured by a mortgage upon real estate, and that the real estate was sold under the power of sale in the mortgage for a sum less than the amount of the note.   Writs dated respectively September 14 and 17, 1908.

The defendant's answer in each case was a general denial, with averments that he indorsed the notes in question for the plaintiff's accommodation and without consideration.

In the Superior Court the cases first were tried together before *Hardy*, J., who excluded certain evidence offered by the defendant to prove that he indorsed the notes for the plaintiff's accommodation and without consideration, and ordered the jury to return a verdict for the plaintiff in each of the cases. The defendant alleged exceptions, which were sustained by this court in a decision reported in 205 Mass. 515.

There was a new trial of the cases before *Sanderson*, J., at which the evidence was given which is described briefly in the opinion. At the close of the evidence the plaintiff asked the judge to rule "that on all the evidence presented by the defendant and his witnesses, taking into consideration the fact that the defendant said that he had collected the rents and had held himself out as the owner of this property on Harvard Street, Cambridge, [the mortgaged property] there is not sufficient evidence to go to the jury on the contention of the defendant that he is only an accommodation indorser of these several notes."

The judge refused to make this ruling, and submitted the cases to the jury, who in each of the cases returned a verdict for the defendant. The plaintiff alleged exceptions.

*G. W. Reed*, for the plaintiff.

*D. Stoneman, A. I. Stoneman & A. G. Gould*, for the defendant, submitted a brief.

DeCourcy, J. The only issue in controversy at the trial of these actions was that raised by the averments in the answers, in effect that the defendant indorsed the mortgage notes in suit before delivery for the plaintiff's accommodation and without consideration. In support of this contention the defendant related his version of the circumstances under which he indorsed the notes, and testified that he did so at the request and for the sole benefit of the plaintiff and that the plaintiff expressly stipulated that he would not hold the defendant responsible on his indorsements. In corroboration of this the defendant's wife and brother testified to statements by the plaintiff in the nature of admissions that he was to take care of the notes and release the defendant.

Doubtless the jury might well have accepted rather the plaintiff's testimony and have given controlling weight to the facts that the defendant paid interest on these notes and collected the rents of the mortgaged property before the foreclosure sale. But,

on the evidence, whether the defendant was a mere accommodation indorser was an issue of fact for the jury; and the court rightly refused to give the ruling requested. *Nesson* v. *Millen,* 205 Mass. 515.

*Exceptions overruled.*