HERBERT B. BAILEY *vs.* WILLIAM T. WAY & others.

Suffolk.  February 6, 1929. — March 6, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Mortgage*, Of real estate: validity, foreclosure. *Estoppel. Deed*, Construction. *Fraud.*

The president of a corporation owning certain real estate, at a time when it owed over $100,000 to three banks and an attachment by any of them or a suit by any creditor would have precipitated bankruptcy, represented to one acting for the banks that its real estate was subject only to two mortgages in the amount of $20,000. Relying on such representation, the banks refrained from adversary proceedings and accepted a mortgage of the real estate to a trustee for them. During the negotiations for that mortgage, the corporation, for the purpose of disposing of and covering up its assets and of obtaining, if possible, a security prior to that given to the trustee for the banks, without consideration executed and recorded prior to the trustee's mortgage a mortgage to the wife of the corporation's president. The mortgage to the bank's trustee contained a statement that it was "subject to all mortgages and encumbrances of record." The mortgage to the president's wife was assigned, without consideration, to her husband's attorney. The bank's trustee, after an entry for the purpose of foreclosure and advertisement of foreclosure sale but while the sale was being postponed from time to time, brought a suit in equity against the wife of the corporation's president to have the mortgage to her cancelled, and later amended by substituting a bill averring that he had foreclosed his mortgage by sale and had purchased at the sale. *Held*, that

(1) The defendant's mortgage was invalid as to the plaintiff;

(2) The statement in the plaintiff's mortgage, that it was "subject to all mortgages and encumbrances of record," there being no specific mention of the defendant's mortgage, did not make it subject to the defendant's invalid mortgage;

(3) The facts, that the plaintiff's mortgage had been foreclosed by

sale and that he was a purchaser at the sale, did not prevent him from attacking the validity of the defendant's mortgage;

(4) By reason, moreover, of the representations to the plaintiff which led the banks to refrain from adversary proceedings, the defendant was not in a position to rely on her mortgage.

BILL IN EQUITY, filed in the Superior Court on August 6, 1926, and amended by the filing of a substitute bill on October 31, 1927, to have cancelled a mortgage on certain real estate to which, the defendants asserted, a mortgage of the plaintiff was subject.

At the time the plaintiff filed his original bill, he alleged that he had taken possession of the real estate under his mortgage and had advertised a foreclosure sale, but that the sale had been postponed from time to time. In the substitute bill he alleged that his mortgage had been foreclosed by a sale, and that he had purchased at the sale.

The suit was referred to a master. Among other findings by him, were the following: "On February 23, 1921, and for some time previous, the said Columbia Counter Company was indebted to three Boston banks in the total sum of $103,874.83, made up as follows: International Trust Company, $35,000.00; Boylston National Bank, $40,000.00; Prudential Trust Company, $28,874.83. This indebtedness represented money loaned to the Company at various times by these banks. The Columbia Counter Company for at least a year prior to February, 1921, had not been in a prosperous financial condition and was unable to pay its debts as they became due, and in February, 1921, its assets were frozen and if it had been called upon to pay its debts at that time it could not have done so." Further findings were, in substance, that, following the representations, described in the opinion, to the representative of the banks by the president of the Columbia Counter Company, who was the husband of Mrs. Malaguti, and by reason of the financial condition of that company, the mortgage to the plaintiff as trustee for the banks was executed and recorded. While those negotiations were going on, the mortgage to Mrs. Malaguti was executed and recorded. "At the time the real estate mortgage in question to Her-

bert B. Bailey was executed, the condition of the Columbia Counter Company was such that an attachment by any one of the three banks, or a suit by any creditors, would have precipitated the Company into bankruptcy."

Other material facts found by the master are stated in the opinion. By order of *Weed,* J., there were entered an interlocutory decree overruling exceptions by the defendants to the master's report and confirming the report, and a final decree granting to the plaintiff the relief he sought. The defendant appealed from both decrees and, in this court, contended "that the plaintiff, by foreclosing his mortgage, elected to affirm the Way mortgage, lost whatever rights he may have had as mortgagee, as trustee, or as creditor of the mortgagor, and obtained a new title, under the mortgagor, subject to the Way mortgage, which, if voidable, has ceased to be so, and cannot be assailed by the plaintiff any more than by a stranger."

*A. Mehlinger,* for the defendants.

*R. P. Baldwin,* for the plaintiff.

CARROLL, J. This is an appeal by the defendants from a final decree directing the cancellation of a second mortgage on certain real estate, in Waltham, hereinafter called the Malaguti mortgage. This mortgage was for $15,040 and was executed February 9, 1921, by the Columbia Counter Company to Benilde B. Malaguti, wife of the president of the company. It was recorded February 21, 1921. On March 5, 1924, Mrs. Malaguti assigned the Malaguti mortgage to her husband's attorney, the defendant William T. Way. When the bill in this suit was filed, the plaintiff was the mortgagee of the property under a mortgage given to him, as trustee, to secure money owed by the Columbia Counter Company to Boston banks. The mortgage to him contained the provision, "subject to all mortgages and encumbrances of record, meaning hereby to convey all right, title and interest of the Columbia Counter Company in all lands now owned by it in said Waltham." The plaintiff has foreclosed the mortgage under the power of sale contained therein, and he now holds as purchaser at the sale.

The master found that the Malaguti mortgage was given

by the mortgagor without consideration, and with a fraudulent intent on the part of the mortgagor, "to dispose of and cover up its assets." He also found that the assignment from Mrs. Malaguti to Way was without consideration, with an attempt on the part of the mortgagor, Mrs. Malaguti and Way "to dispose of the assets of the Columbia Counter Company for the purpose of securing, if possible, a security prior to that held by the plaintiff, Herbert B. Bailey."

The Malaguti mortgage of the defendant company is invalid as against the plaintiff. When this mortgage was given, the Columbia Counter Company was indebted to three Boston banks in excess of $100,000; for these banks and their successors the plaintiff was acting as trustee. See *Banca Italiana Di Sconto* v. *Bailey,* 260 Mass. 151. The banks had been pressing for payment and the Columbia Counter Company "for at least a year prior to February, 1921, had not been in a prosperous financial condition and was unable to pay its debts as they became due." Neither the banks nor their counsel had actual notice of the Malaguti mortgage. They were told by Malaguti that the only mortgages on the property were one to the Waltham Savings Bank and one to Mrs. Malaguti for $25,000, reduced to $5,000; we understand this mortgage has since been discharged. The Malaguti mortgage in question was recorded February 21, 1921. On that day counsel for the banks began the preparation of the draft of the votes authorizing the mortgage to the plaintiff.

The defendants contend that the plaintiff is estopped to contest the validity of the Malaguti mortgage because of the provision in the plaintiff's mortgage, "subject to all mortgages and encumbrances of record." They rely on *Howard* v. *Chase,* 104 Mass. 249, and *Johnson* v. *Thompson,* 129 Mass. 398, and similar cases. In *Howard* v. *Chase,* 104 Mass. 249, 251, the Chase mortgage was not recorded. The mortgage to the plaintiffs contained the provision, "subject to a mortgage to Silas E. Chase for about $10,000." In that case reference was made to the specific mortgage and the plaintiffs took title subject to the particular mortgage and had no greater rights against the Chase mortgage, than a mere right to redeem. In *Johnson* v. *Thompson, supra,* the plaintiff

took his title to the land, subject to the mortgage to the defendant Thompson. In the case at bar the Malaguti mortgage was without consideration. It was given in fraud of the mortgagor's creditors; and in the mortgage to the plaintiff there is no reference to any particular mortgage or that the plaintiff's mortgage was subject to any particular mortgage. It was subject merely to all valid mortgages and encumbrances of record. Valid mortgages, if recorded, would take precedence over the later mortgage, even if no general reference was made in the later mortgage to mortgages and encumbrances of record. *Whitney* v. *Browne*, 180 Mass. 597. Here there was no assumption of the mortgage to Mrs. Malaguti, and no recognition of it; the general reference to all mortgages and encumbrances did not prevent the plaintiff from contesting the validity of the mortgage held by her.

Furthermore, there is nothing due on the Malaguti mortgage. As a creditor holding security for the payment of his debt, the plaintiff could insist that this invalid encumbrance should be cancelled and discharged of record. He brought his suit before his mortgage was foreclosed. He elected to deny the validity of the earlier mortgage, and the foreclosure sale did not prevent him from attacking the legality of the mortgage assigned to Way. *Gerrish* v. *Mace*, 9 Gray, 235. *Van Deusen* v. *Frink*, 15 Pick. 449, 460. The Malaguti mortgage was not only voidable on the ground of fraud, but it was without consideration, as was its assignment to Way. The plaintiff could show this, and, nothing being due on the note, the mortgage securing it should be discharged. *Wearse* v. *Peirce*, 24 Pick. 141, 144, 145. See *Sisson* v. *Tate*, 114 Mass. 497, 505.

In addition to this, the master has found that by reason of the representations made by the president of the Columbia Counter Company as to existing encumbrances, the banks changed their position and did not bring action or institute bankruptcy proceedings. Nothing was said when the agreement between the banks and the debtor was made about the Malaguti mortgage. It was then stated that the entire encumbrance on the property was $20,000, including the

mortgage to the savings bank and the valid mortgage, since discharged, to Mrs. Malaguti. Neither Mrs. Malaguti nor Way, under these circumstances, can rely on the mortgage given to her. *Platt* v. *Squire*, 12 Met. 494, 500. *Nickerson* v. *Massachusetts Title Ins. Co.* 178 Mass. 308.

*Decree affirmed with costs.*