IDA S. PERLMUTTER & others, executors, *vs.* MAURICE B. HOLSBERG & others.

Suffolk.    December 14, 1932. — March 30, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Bills and Notes,* Holder in due course, Accommodation paper, Consideration.

A woman, who, while unmarried, was employed as a secretary for a real estate operator, held title for him to two parcels of real estate as a "straw," having no interest in them, and as such executed and delivered mortgage notes and mortgages on both of them to one who lent money to her employer.   For purposes of readjustment, the employer arranged with the mortgagee to have those mortgages discharged and a new mortgage on one of the parcels given him for a balance due on both mortgage notes.   The woman in the meantime had been married

and, when asked to carry out the transaction, stated to her employer and the mortgagee that she would have to consult her husband, and the mortgagee said to her in substance that she had nothing to worry about, that her employer was getting the money and that the employer was the one who was going to pay it, not she; that he, the mortgagee, was not going to ask her for the money. The mortgagee thereupon discharged the former mortgages and cancelled the notes, and the woman executed and delivered to him a new note for the balance due thereon and the new mortgage. It did not appear that the mortgagee did not act in good faith, or that the woman's employer induced her action by fraud, duress or other unlawful means, or for an illegal consideration. At the trial of an action brought against the woman upon the note after the death of the mortgagee by the executor of his will, the plaintiff introduced the note in evidence and rested. The judge refused to order a verdict for the plaintiff. The jury found in favor of the defendant. Upon exceptions by the plaintiff, it was *held,* that

(1) The cancellations of the former notes and the discharge of the mortgages securing them were sufficient consideration to support the debt evidenced by the new note and mortgage;

(2) The mortgagee as a matter of law was a holder in due course;

(3) The defendant was not an accommodation maker for the accommodation of the mortgagee;

(4) A verdict for the plaintiff should have been ordered.

CONTRACT by the executors of the will of Louis Perlmutter against Maurice B. Holsberg, Anna L. Landry and Joseph Gordon. Writ in the Municipal Court of the City of Boston dated February 17, 1932.

The pleadings are described in the opinion.

On removal to the Superior Court, the action was tried before *Dillon,* J. Material evidence and rulings by the trial judge are described in the opinion. There were verdicts for the defendant Landry and for the plaintiffs against each of the defendants Holsberg and Gordon in the sum of $19,920.31. The plaintiffs alleged exceptions.

*O. Storer,* (*J. J. Lucas* with him,) for the plaintiffs.

*C. J. Miller,* for the defendants.

PIERCE, J. This is an action of contract against the maker, Anna L. Landry, and the indorsers on a promissory note held by the plaintiffs as executors of the will of the indorsee. The plaintiffs introduced the note and rested.

The defendant Landry was secretary for the defendant Holsberg and held title to many parcels of real estate, in-

cluding the properties referred to in this bill of exceptions, as a "straw" having no interest in the properties. Holsberg and the defendant Gordon foreclosed a construction mortgage on property on Egremont Road, Brighton, and took title in the name of Anna L. Bromberger, now Anna L. Landry, and took back a second mortgage. Later Holsberg and Gordon were obliged to replace a first mortgage on this property, and Holsberg talked with Perlmutter, the plaintiff's testator, with regard to taking a second mortgage on the property. Perlmutter examined the property with Holsberg and gave him and Gordon a loan of $25,000 secured by a second mortgage on the premises. The property at that time was in the name of Anna L. Bromberger. On May 4, 1928, she gave a mortgage to Gordon and Holsberg for $25,000, and they assigned that mortgage to Perlmutter with an assignment of the mortgage note. The proceeds of this loan were paid over by Perlmutter to Gordon and Holsberg. All payments on the note were made by Gordon and Holsberg and some extensions of time were given and Gordon and Holsberg paid Perlmutter whatever bonuses were given. Perlmutter at this time also held a $15,000 note, secured by a third mortgage on property on Audubon Road, the note and mortgage also being signed by Anna L. Bromberger. When this note had been reduced to $2,550 Holsberg told Perlmutter that they were obliged to refinance the Audubon Road property so that Perlmutter's mortgage would not be as valuable as it had been, and therefore they would shift that mortgage to the Egremont Road property. Thereupon, $1,050 was paid by Gordon and Holsberg on account of that mortgage and the remaining $1,500 due thereon was added to the $19,000 balance then due on the Egremont Road mortgage, making a total of $20,500. In order to protect Perlmutter, Holsberg suggested that the old mortgages be discharged and a new mortgage be given for the total amount due on both mortgages. Perlmutter said that was all right if it was the proper thing to do. Holsberg then told Perlmutter that Miss Bromberger had become Mrs. Landry, that he would call her in and would ask her

to give them a new mortgage and ask her husband to sign, and that if she were willing to do that "all right" and, if not, they could have the property conveyed to some one else and have the mortgage given in that way. Holsberg called Mrs. Landry in and told her that Perlmutter was discharging the mortgage, that a new mortgage was to be put on and that he "would like to have her and Mr. Landry sign the new mortgage and she would have to sign the new note." She replied that she might be willing to do it, but when it came to signing the mortgage and having the note signed by her she would have to speak with her husband about it and if he said "no" she would not do it. She testified: "I said, 'Well, I am willing to sign it, but I will ask my husband if it is all right, because I am married now. Before I used to sign notes, but now I will have to ask him'"; that Perlmutter turned around and said "Well, you have nothing to worry about. You know it is all right . . . Gordon and Holsberg are getting the money and they are the ones that is going to pay it, not you." She further testified that she said "All right. I will ask him and if it is all right, I will sign it." On cross-examination she testified that Perlmutter also said to her: "you don't have to worry about it. I am not going to ask you for the money." Within a day or two the mortgage for $20,500 was signed by Mr. and Mrs. Landry; the note was signed by Mrs. Landry and is the note in suit; the old mortgages were discharged and Perlmutter gave up the old notes and received the note for $20,500 in substitution.

At the close of the evidence the plaintiffs moved that a verdict be ordered for the plaintiffs. The judge refused to order a verdict against Anna L. Landry, and the plaintiffs duly excepted.

The plaintiffs requested the judge to rule: "1. The plaintiff is entitled to recover in this action. 2. The evidence shows that the plaintiff's testator was a holder in due course. 3. The evidence shows that the plaintiff's testator was a holder for value and in due course. 4. There is no evidence that the defendant, Landry, signed the note for the accommodation of the plaintiff's testator."

The judge instructed the jury, in substance, that the note in suit was not ambiguous and that the statement of Perlmutter made prior to the time of making of this instrument had "no force or effect" as "a concurrent agreement that the note should not be binding as to Mrs. Landry, or a promise that she would not be called upon to pay it"; that Perlmutter was a holder in due course as that phrase is defined in G. L. (Ter. Ed.) c. 107, § 75, cls. 1 and 2; that, as to "good faith" and "value" (cl. 3), "if you should find that it [the note] was taken without fraud, and in payment of a valid, existing obligation, that it was given upon the surrender of two other notes, you might then conclude that it was in good faith and for value taken from the payees of this note by indorsement." The record does not disclose that any instructions were given specifically directed to cl. 4 of said § 75, nor to the possible applicability of G. L. (Ter. Ed.) c. 107, § 78, to facts of the record. If any were given it must be assumed they were accurate and full statements of law.

No claim is made in the brief of the defendant Landry that Perlmutter did not take the several notes and mortgages described in the record in good faith, and the record does not show that that defendant at the trial contended that he did not take the notes in "good faith"; nor does it disclose that the defendant then contended or now contends that when Gordon or Holsberg obtained any one of the several notes and mortgages referred to in the record, or the signature of Miss Bromberger or of Mrs. Landry to any one of them, they did so "by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration." The evidence was clear and undisputed that in the Egremont Road mortgage loan of $25,000 Miss Bromberger gave the note and mortgage to Gordon and Holsberg and consented to, or did not object to, the assignment of that mortgage and note to Perlmutter and the payment of the $25,000 to Gordon and Holsberg. No question was raised at the trial in contradiction of the evidence that Perlmutter, at the request of Gordon and Holsberg, gave up two notes and two mortgages signed by Mrs. Landry

and received the note in suit of $20,500 signed by Mrs. Landry in substitution. The defendants never disputed their liability to pay the surrendered notes. It is plain the cancellations of the notes and the discharge of the mortgages were sufficient consideration to support the consolidated debt and mortgage. G. L. (Ter. Ed.) c. 107, § 48. On the admitted facts the issue of "good faith and for value" was improperly submitted to the jury.

On the issue presented by the request numbered 4 the judge instructed the jury, in substance: It is contended that this defendant ought not to pay because she is an accommodation maker. He then quoted, with comments, G. L. (Ter. Ed.) c. 107, § 52, as follows: "'An accommodation party is one who has signed the instrument as maker . . . without receiving value therefor, and for the purpose of lending his name to some other person. Such a person' — that is, the accommodation maker — 'is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.' . . . The situation which exempts an accommodation party from liability is exemption from liability as to the party accommodated . . . . An accommodation maker . . . is liable to any holder in due course, is liable because of the nature of the undertaking that was assumed by law when the instrument was made. But, on the other hand, if the party accommodated seeks to hold the maker then and in that case the accommodation maker can set up the fact that it was an accommodation transaction. . . . Therefore, it becomes pertinent to inquire who was accommodated because of the fact that the accommodated party hasn't any action, hasn't the right of recovery against the accommodating party as any other person, not accommodated, would have. . . . If you should say Perlmutter was accommodated, then he would be in the same position as the original payees of this note, if the process by which he obtained title was one and the same process by which the payees became holders by delivery of this instrument . . . the principal issue . . . is whether or not Perlmutter was accommodated, whether

with reference to Perlmutter Anna L. Landry was also an accommodation maker. You have heard the evidence. You have heard what she says he said, 'You have nothing to worry about, that Holsberg and Gordon are the men who are going to pay this.' It is for you to say, gentlemen, whether or not Perlmutter said that, and if he used the language, in whatever form you say it was, you being the ones to determine what was said, did it amount to, in the form in which it was made, or by fair inference from the language that was made, a request to Mrs. Landry to sign as an accommodation party? . . . So you have the duty of determining what effect this alleged conversation, if you say it was made, and it must appear that it was made, and it must appear that its effect was to make this defendant, Mrs. Landry, an accommodation maker, not only as far as her two employers are concerned, but Perlmutter, the testator of the plaintiff. . . . The giving up and delivery of defendant Landry's obligations under the previous mortgages are good considerations for the new note . . . the surrender of a present existing obligation would constitute detriment to the owner of the obligation and therefore would be adequate consideration for a contract and by virtue of the statute . . . it would count as consideration for the note. . . . Now if it shall appear that the defendant, Anna L. Landry, signed the note in suit for the convenience and accommodation of the plaintiff's testator . . . the plaintiff then is not a holder in due course and for value, and the defendant, Landry, is entitled to a finding in her favor, but that is only on condition you find affirmatively as a fact that she signed for the accommodation of Perlmutter as well as for her employers. . . . If it shall appear that the defendant, Landry, never intended to be bound on the note in question and that she received no consideration whatsoever for the signing and delivery of the note, but it was signed for the convenience or accommodation of the plaintiff's testator, even though it was also signed for the convenience and accommodation of the other two defendants, there should be a·finding in favor of the defendant."

To the refusal to rule as requested and to the instructions

given by the judge the plaintiffs duly excepted. The jury found for the defendant Landry.

On the facts shown by the record it is plain Perlmutter was a holder in due course of the notes signed by Mrs. Landry when the loans were made by Perlmutter to Gordon and Holsberg on the notes of Miss Bromberger secured by mortgages of real estate of which she held title. It is equally plain, as the judge instructed the jury, that the giving up and the delivery of the defendant Landry's obligations under these two mortgages were a good consideration for the new note in suit. It is apparent on the facts shown by the record that Mrs. Landry was not lending her name to Perlmutter. As a "straw" she held the legal title to the equity in the mortgaged properties as trustee for Gordon and Holsberg. The transaction was for the convenience of Gordon and Holsberg, and was an exchange by the indorsee of two notes on which the defendant Landry was absolutely and independently liable to the indorsee for a new note for an equal total amount. We do not think what was said by Perlmutter to the defendant Landry can be properly interpreted even by inference to import a request that she should lend her name to Perlmutter or to him and Gordon and Holsberg. Moreover, the defendant Landry received "value" for her signature from Perlmutter, who gave up two good notes on which this defendant was absolutely liable, totaling $20,500, in exchange for a note of an equal amount. It is obvious under the provisions of G. L. (Ter. Ed.) c. 107, § 52, that the maker of a note cannot be held to be an accommodation party to any one who has paid value for it. A verdict should have been ordered for the plaintiffs.

*Exceptions sustained.*
*Judgment for the plaintiffs.*