HERBERT PEARSON, receiver, *vs.* LAWRENCE E. MULLONEY & others.

Suffolk.   November 15, 1934. — February 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Demurrer; Intervening petition; Decree; Master: report, exceptions to report, recommittal; Parties. *Estoppel.* *Mortgage,* Of real estate: validity. *Merger.*

It was within the discretionary powers of the court to order the hearing of a demurrer in a suit in equity postponed until the hearing of the suit on the merits.

Where, in a suit in equity to enforce rights of the plaintiff as first mortgagee of certain real estate, an alleged second mortgagee was permitted to file an intervening petition to establish his rights and thereafter, by consent of all parties except the intervener, the bill was dismissed, such dismissal had no effect upon the intervening petition, which remained for hearing and decision.

Questions of evidence are included in the "questions of law" which a master, to whom a suit in equity is referred by rule in accordance with Rule 86 of the Superior Court (1932), is required to report.

Statement by LUMMUS, J., with respect to the presentment to the court, pursuant to Rule 90 of the Superior Court (1932), of questions of law, including questions of evidence, arising during the hearing of a suit in equity by a master.

On the record, no harmful error was shown in the denial of a motion, not supported by affidavit as required by Rule 46 of the Superior Court (1932), to recommit to a master in a suit in equity on the ground that his report of questions of law, and the summary of the evidence pertinent thereto appended to his report pursuant to Rule 90 of the Superior Court (1932), were insufficient.

Whether, or how far, findings of fact made by a master in a suit in equity shall be subjected to analysis by recommitting the case to him with directions to report subsidiary facts or evidence by which the correctness of his findings may be tested, is discretionary with the court which appointed him.

Under Rule 90 of the Superior Court (1932), a paper entitled "Exceptions . . . to admission and exclusion of evidence," handed by a party to a suit in equity to a master with the party's objections to the master's report and request for a summary of the evidence pertinent to the questions of law raised by the objections, had no standing in equity practice and could not be considered by this court on appeal from a decree confirming the report.

Although, after the plaintiff and all the defendants in a suit in equity had answered an intervening petition which had been filed by permission of the court, the plaintiff had contested the intervening petition on the merits, and the bill had been dismissed by consent of all parties except the intervener, it might be unnecessary to order the plaintiff formally made a party defendant to the intervening petition, he had no valid ground to complain of such an order.

In a suit in equity to enforce the rights of the plaintiff as first mortgagee of certain real estate, it was proper to allow an alleged second mortgagee thereof to intervene to establish rights based upon the same facts as those alleged in the bill.

Where a second mortgage of real estate was expressly made "subject to" a specified first mortgage, the second mortgagee was estopped to deny the validity of the first mortgage, but was not estopped to inquire into the amount of the debt which it purported to secure and to seek to have it discharged if that debt had never existed or had been paid.

A "straw" to whom a bank, the real owner of land, conveyed it, gave the bank a deed thereof which was not recorded and a note secured

by a first mortgage thereof, one of the purposes of the transaction being "to make it appear upon the records of the bank" that it owned "an outstanding first mortgage" of the amount of the mortgage note. The "straw" simultaneously gave a second mortgage, expressly made "subject to" the first mortgage, for consideration which was paid over to the bank. At all times the bank, with the knowledge and consent of the "straw," acted as owner of the property. *Held*, that, even if the "straw" was not personally liable to the bank on the first mortgage note, the first mortgage was a valid security for a debt of the amount of that note, and the second mortgagee was a junior encumbrancer only.

Where a "straw" holding title to land gave a first mortgage to the real owner of the land and a second mortgage to another, there was no merger although he also gave the real owner a deed of the land which was not recorded.

BILL IN EQUITY, filed in the Superior Court on September 9, 1932.

The bill, as amended, a petition to intervene, as amended, proceedings in the suit, decrees entered by order of *Pinanski*, J., and appeals therefrom are described in the opinion.

The case was argued at the bar in November, 1934, before *Rugg*, C.J., *Crosby*, *Pierce*, *Donahue*, & *Lummus*, JJ., and afterwards was submitted on briefs to *Field*, J.

*J. C. Coughlin*, (*H. Parkman, Jr.*, & *W. M. Marvel* with him,) for the plaintiff.

*L. Brown*, (*H. P. Moulton* & *C. W. Mulcahy* with him,) for the Inman Trust Company, intervener.

LUMMUS, J. The plaintiff, as receiver of Federal National Bank of Boston by appointment of the comptroller of the currency, brought this suit on September 9, 1932, to enforce the rights of said bank in an apartment house which the bank had bought on foreclosure sale and had conveyed to the defendant Gallagher on February 1, 1930, taking back a first mortgage for $180,000. On December 28, 1932, Inman Trust Company, in possession of Arthur Guy, commissioner of banks of the Commonwealth, by leave of court filed an intervening petition in the suit to set up the rights of the trust company under a second mortgage for $25,730 upon the same premises, given to it by Gallagher on February 1, 1930. The plaintiff de-

murred to the intervening petition, and the judge ordered
the hearing on the demurrer postponed until the hearing
on the merits.  This was within his discretion.  Although
relief can be given in equity only within the scope of the
pleadings, a party has no right to insist that the determina-
tion of the facts be delayed until the pleadings shall have
been perfected.  In its discretion, sometimes exercised in
close cases, a court may find the facts first, and discuss
afterwards the technical sufficiency of the words of the
pleadings.  *Brownsword* v. *Edwards*, 2 Ves. Sr. 243.  *Kan-
sas* v. *Colorado*, 185 U. S. 125.  *Virginia* v. *West Virginia*,
206 U. S. 290.  *Wisconsin* v. *Illinois*, 270 U. S. 634.  See
also *Stratton* v. *Hernon*, 154 Mass. 310, 313; *Saltman* v.
*Nesson*, 201 Mass. 534, 540; *Glover* v. *Waltham Laundry
Co.* 235 Mass. 330, 339; *Cram* v. *Cram*, 262 Mass. 509,
513; Rule 28 of the Superior Court (1932).

On June 10, 1933, by consent of all parties except the
intervener, the plaintiff's bill was dismissed.  This had
no effect upon the intervening petition, which remained
for hearing and decision.  *Gunnells* v. *Latta*, 86 Ark. 304.
*McKesson* v. *Mendenhall*, 64 N. C. 502.  See also *Atlas
Bank* v. *Nahant Bank*, 23 Pick. 480, 492; *Hirshfeld* v.
*Fitzgerald*, 157 N. Y. 166; *Blume* v. *Oil-O-Chron, Inc.*
287 Mass. 52; 91 Am. L. R. 594.  Hearings proceeded
before a master upon the intervening petition, to which
the original plaintiff and the individual defendants had
answered.  The only objections to the master's report
were those brought in by the original plaintiff, the re-
ceiver.  He moved also to recommit the report, and this
motion was denied on March 21, 1934.  On the same day
his exceptions to the master's report were overruled, the
report was confirmed, and the demurrer to the intervening
petition was overruled.  On April 16, 1934, the receiver
was formally made a party defendant to the intervening
petition, as of March 6, 1933, the day when as the original
plaintiff he had answered to the intervening petition.
On April 17, 1934, a final decree was entered, establish-
ing the mortgage of the intervener as superior to any right,
title or interest of the Federal National Bank of Boston

or its receiver, and restraining the individual defendants from interfering with the rights of the intervener under its mortgage.

The case comes here on appeals by the receiver from (1) the denial of his motion to recommit the master's report, (2) the overruling of his exceptions to the master's report and the confirmation of that report, (3) the making of the receiver a party defendant to the intervening petition, (4) the overruling of the demurrer to that petition, and (5) the final decree.

1. (a) In part, the motion to recommit was for the purpose of requiring the master to report his rulings upon evidence. The order by which he was appointed required him, in accordance with Rule 86 of the Superior Court (1932), to report "such questions of law, arising in the course of his duty, as any party may request," and such questions include questions of evidence. *Cook* v. *Scheffreen,* 215 Mass. 444, 447, 448. *Flaherty* v. *Goldinger,* 249 Mass. 564, 567. *A. T. Stearns Lumber Co.* v. *Howlett,* 260 Mass. 45, 69. But when a master fails to do this, the party aggrieved must seek his remedy in accordance with law and the rules of court. *Burnham* v. *Dowd,* 217 Mass. 351, 353. *Arnold* v. *Maxwell,* 230 Mass. 441, 444. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 277. *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 336, 337. In a long hearing, counsel often save questions of evidence which appear to be of merely ephemeral interest, and a master reasonably may decide not to burden his report with them. If a party still desires to present them to the court, Rule 90 of the Superior Court (1932) prescribes his remedy. He must bring in a written objection to the ruling as to evidence alleged to be erroneous, and, bearing in mind the principle that an exception can be sustained only where the master's report itself demonstrates his error, the party must present with the written objection a written request that the master append to his report a "brief, accurate and fair summary of so much of the evidence as shall be necessary" to present the question of law. In the present

case, the master appended such a summary with respect to every objection as to evidence, included in the written request, and thus apparently performed his whole duty. If the summary did not satisfy the receiver, the burden was upon him to show by the record that there was harmful error in denying his motion to recommit for a further report of the rulings made and the evidence pertinent thereto. He failed to support his motion to recommit by any affidavit (Rule 46 of the Superior Court [1932]), showing that any question of evidence not reported was properly saved, or what such question was, or what would constitute a "brief, accurate and fair summary" to be appended to the report. In the absence of such a showing of harmful error by the record, his appeal from the denial of the motion to recommit is without merit. *Epstein* v. *Epstein*, 287 Mass. 248, 253, 254.

(b) The other reasons assigned for the motion to recommit fall within the elementary rule restated in *Epstein* v. *Epstein*, 287 Mass. 248, 254, in these words, "Whether, or how far, findings of fact made by a master shall be subjected to analysis by recommitting the case to him with directions to report subsidiary facts or evidence by which the correctness of his findings in point of fact may be tested, is discretionary with the court that appointed him." To the same effect, as to auditors, see *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 310. The record contains nothing to show that the judge was wrong in refusing to recommit the report.

2. The exceptions to the master's report were properly overruled, and the report was properly confirmed. None of the exceptions, which of course are identical in form with the written objections appended to the master's report, appear to us worthy of discussion.

The receiver handed to the master, with the objections and the written request for a summary of evidence necessary to present the questions of law raised by the objections, another paper which he entitled, "Exceptions of defendant Herbert Pearson, receiver, to admission and exclusion of evidence." That paper had no standing in equity practice,

and ought not to have been received, filed or printed in the record. *Quimby* v. *Tapley*, 202 Mass. 601. It cannot be considered. Under the present practice, there can be no exceptions to a master's report, without "a special order of the court," except those which are the implied result of written objections brought in and appended by the master to his report. Equity Rule 26 (252 Mass. 608). Rule 90 of the Superior Court (1932). These rules have eliminated the formal step, previously necessary, of filing written exceptions referring to and founded upon written objections already brought in and appended to the report. Chancery Rule 31 (136 Mass. 608). *O'Brien* v. *Keefe*, 175 Mass. 274, 276.

3. Probably it was unnecessary to make the receiver a party defendant to the intervening petition, for the receiver as the original plaintiff and all the defendants had already answered to the intervening petition, and the receiver at least had contested it all through the case, and still contests it. If, however, the judge deemed it best to allow an amendment formally assigning to the receiver the position which he had occupied from the start, in opposition to the intervener, the receiver cannot complain. *Michigan State Bank* v. *Gardner*, 3 Gray, 305. *Bauer* v. *Mitchell*, 247 Mass. 522, 526. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52.

4. The intervention was properly allowed. Upon the very facts asserted by the receiver in his original bill, the intervener claimed relief with respect to the same property. *Check* v. *Kaplan*, 280 Mass. 170, 178. *Hallett* v. *Moore*, 282 Mass. 380, 389. We need not consider whether the allegations of the intervening petition are sufficient to entitle the intervener to relief, for in the opinion of a majority of the court its case fails on the facts proved.

5. The master finds that Federal National Bank of Boston was the real owner of the property; that Gallagher was only a "straw" holder for the bank; that on the day when he acquired nominal title and gave the mortgages, February 1, 1930, he gave an unrecorded deed back to Federal National Bank of Boston; that one of the purposes of the transaction was "to make it appear upon the records

of the bank that there was an outstanding first mortgage of $180,000 owned by the bank"; that at all times Federal National Bank of Boston, with the knowledge and consent of Gallagher, acted as owner of the property; and that the consideration paid by the intervener for its second mortgage went to the bank.   The second mortgage to the intervener was expressly made "subject to a first mortgage of $180,000 to the Federal National Bank of Boston," and this estops the intervener to deny its validity.   *Johnson* v. *Thompson,* 129 Mass. 398.   *Cheffee* v. *Geageah,* 253 Mass. 586, 589. Compare *Bailey* v. *Way,* 266 Mass. 437, 440, 441; *Livingstone* v. *Murphy,* 187 Mass. 315, 320.   It does not estop the intervener to inquire into the amount due upon the mortgage, and to have it discharged if the debt which it purports to secure never existed or has been paid.   *Saunders* v. *Dunn,* 175 Mass. 164.   *Brouillard* v. *Stimpson,* 201 Mass. 236, 238. *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 287. *Bailey* v. *Way,* 266 Mass. 437, 441.   *Dow* v. *Poore,* 272 Mass. 223, 226.

The question, whether a mortgage debt exists, is not necessarily determined by inquiring whether the bank could recover against Gallagher on the mortgage note.   It may be that the note lacked consideration.   *Nesson* v. *Millen,* 205 Mass. 515; *S. C.* 211 Mass. 541.   *Wolff* v. *Perkins,* 254 Mass. 10, 13.   *Great Barrington Savings Bank* v. *Day,* 288 Mass. 181.   Compare *Perlmutter* v. *Holsberg,* 282 Mass. 421; *Tanners National Bank of Woburn* v. *Dean,* 283 Mass. 151, 154.   However that may be, the first mortgage was intended by the owners of every interest in the land to constitute an underlying lien or charge upon the land which could be removed only by the payment of $180,000 as principal.   The second mortgagee gets just what it bargained for if it is held to take subject to that prior and underlying mortgage.

A valid mortgage may exist although personal liability on the mortgage note never attached (*Cook* v. *Johnson,* 165 Mass. 245, 247; *Baker* v. *James,* 280 Mass. 43), or has been barred by bankruptcy or the statute of limitations.   A mortgage by way of gift has been held valid in some States.

*Bucklin* v. *Bucklin*, 1 Abb. App. Dec. (N. Y.) 242. *Perkins* v. *Trinity Realty Co.* 3 Robb. (N. J.) 723, 725; affirmed 1 Buch. 304. See also *Brooks* v. *Dalrymple*, 12 Allen, 102. Although the mortgage to the Federal National Bank of Boston was given by a "straw" to his principal, the real owner, a majority of the court think that it was a valid security, and that the intervener is a junior encumbrancer. *Clarke* v. *Massachusetts Title Ins. Co.* 237 Mass. 155, 158, 160. *Weinberg* v. *Brother*, 263 Mass. 61. With the second mortgage outstanding, there was no merger when the bank took the unrecorded deed from Gallagher. *Dillon* v. *Lange*, 280 Mass. 427. *Silverstein* v. *Saster*, 285 Mass. 453, 458.

The result is, that the interlocutory decrees are affirmed, the final decree is reversed, and a final decree is to be entered, dismissing the intervening petition.

*Ordered accordingly.*